**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Tiffanie Hogans, *on behalf of herself and others similarly situated*, | ) ) ) | Civil Action No.: 5:20-cv-00566-BR |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| Charter Communications, Inc. dba Spectrum, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO
CERTIFY FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

i

# Table of Contents

Introduction ................................................................................................................................. 1

Relevant Procedure ...................................................................................................................... 2

Standard ........................................................................................................................................ 2

Argument ...................................................................................................................................... 3

   I.   Defendant unreasonably delayed filing its Motion. ........................................................... 3

   II.   Defendant fails to present a controlling issue of law, the resolution of which would be dispositive of this matter. ................................................................................................... 5

      A.   "Whether *AAPC* compels dismissal of Plaintiff's claims" is not a controlling issue of law, dispositive of this matter. ........................................................................................ 5

      B.   "Whether collateral estoppel applies" is not a controlling issue of law, dispositive of this matter. ...................................................................................................................... 6

   III.   Defendant fails to present a substantial ground for difference of opinion as to a controlling question of law. .................................................................................................. 7

      A.   Even if "whether *AAPC* compels dismissal of Plaintiff's claims" was a controlling issue of law that could be dispositive of this matter, a substantial ground for a difference of opinion does not exist. .............................................................................................. 8

      B.   Even if "whether collateral estoppel applies" were a controlling issue of law that could be dispositive of this matter, a substantial ground for a difference of opinion does not exist. .......................................................................................................................... 16

   IV.   Defendant fails to demonstrate that an immediate appeal would materially advance the ultimate termination of this litigation. ............................................................................ 17

      A.   An interlocutory appeal to decide "whether *AAPC* compels dismissal of Plaintiff's claims" would not materially advance this case. ............................................................. 18

      B.   An interlocutory appeal as to "whether collateral estoppel applies" would not materially advance this case. ........................................................................................................... 18

Conclusion .................................................................................................................................. 19

Case 5:20-cv-00566-D   Document 62   Filed 12/24/21   Page 2 of 26

## Table of Authorities

**Cases**

*Abramson v. Federal Ins. Co.*, CV 8:19-2523, 2020 WL 7318953 (M.D. Fla. Dec. 11, 2020) ... 14

*Am. Ass'n of Political Consultants, Inc. v. Fed. Commc'ns Comm'n*, 923 F.3d 159 (4th Cir. 2019) ................................................................................................................. 11, 20

*Bakov v. Consol. World Travel, Inc.*, No. 15 C 2980, 2021 WL 4026978 (N.D. Ill. Mar. 8, 2021) ...................................................................................................................... 14

*Barr v. AAPC*, 140 S. Ct. 2335 (2020) ............................................................................ passim

*Bilek v. Nat'l Cong. Of Emps., Inc.*, No. 1:18-CV-03083, 2021 WL 4027512 (N.D. Ill. June 28, 2021) ................................................................................................................... 14

*Boisvert v. Carnival Corp.*, No. 8:20-cv-2076-30SPF, 2021 WL 1329079 (M.D. Fla. Mar. 12, 2021) ...................................................................................................................... 14

*Bonkuri v. Grand Caribbean Cruises, Inc.*, 513 F. Supp. 3d 1360 (S.D. Fla. Jan. 19, 2021) ...... 14

*Buchanan v. Sullivan*, CV 8:20-301, 2020 WL 6381563 (D. Neb. Oct. 30, 2020) ..................... 19

*Buell v. Credit.com, Inc.*, No. 4:21-CV-01055-KAW, 2021 WL 3271127 (N.D. Cal. July 30, 2021) ...................................................................................................................... 14

*Burton v. Fundmerica, Inc.*, CV 8:19-119, 2020 WL 4504303 (D. Neb. Aug. 5, 2020).............. 19

*Cano v. Assured Auto Grp.*, No. 3:20-CV-3501-G, 2021 WL 3036933 (N.D. Tex. July 19, 2021) ...................................................................................................................... 14

*Clark Const. Grp., Inc. v. Allglass Sys., Inc*, No. CIV.A. DKC 2002-1590, 2005 WL 736606 (D. Md. Mar. 30, 2005)............................................................................................... 24

*Creasy v. Charter Commc'ns, Inc.*, No. CV 20-1199, 2020 WL 7646640 (E.D. La. Dec. 23, 2020) ................................................................................................................. passim

*DiStasio v. Edible Arrangements, LLC*, No. 3:16-CV-00538 (VLB), 2021 WL 1087499 (D. Conn. Feb. 1, 2021)................................................................................................... 14

*Duguid v. Facebook, Inc.*, 926 F.3d 1146 (9th Cir. 2019)........................................................ 20

*Duke Univ. v. Endurance Risk Sols. Assurance Co.*, No. 5:20-CV-672-BO, 2021 WL 4597069 (E.D.N.C. Oct. 5, 2021) ................................................................................................ 9

*Elcinda v. Technical Education Services, Inc.*, No. 1:19-CV-03735-SDG, 2021 WL 2336533 (N.D. Ga. June 8, 2021) ............................................................................................... 15

iii

*Fabricant v. Sears Roebuck & Co.*, No. 98-1281-CIV-NESBITT, 2001 WL 883303 (S.D. Fla. Jan. 29, 2001) ............................................................................................................... 9

*Feinberg v. T. Rowe Price Grp., Inc.*, No. CV JKB-17-0427, 2021 WL 2784614 (D. Md. July 2, 2021) ..................................................................................................................... 12

*Grayned v. City of Rockford*, 408 U.S. 104 (1972)....................................................... 20

*Gunn v. Prospects DM, LLC*, No. 4:19CV3129 HEA, 2021 WL 1534234 (E.D. Mo. Apr. 19, 2021) ....................................................................................................................... 15

*Hossfeld v. Am. Fin. Sec. Life Ins. Co.*, No. 0:19-CV-60597, 2021 WL 2453114 (S.D. Fla. June 16, 2021) ........................................................................................................... 15

*Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc.*, No. 5:20-CV-38-OC-30PRL, 2020 WL 7346536 (M.D. Fla. Dec. 11, 2020) ....................................................................... 20

*Johansen v. LoanDepot.com LLC*, No. 8:20-cv-00919-DOC (JDE), 2021 WL 669329 (C.D. Cal. Jan. 31, 2021) ..................................................................................................... 19

*Kogut v. Cty. of Nassau*, No. 06-CV-6695 (JS) (WDW, 2010 WL 844745 (E.D.N.Y. Mar. 8, 2010) ......................................................................................................................... 9

*Komaiko v. Baker Techs., Inc.*, No. 19-cv-03795-DMR, 2020 WL 5104041 (N.D. Cal. Aug. 11, 2020) ..................................................................................................................... 19

*Kraus v. Board of County Comm'rs*, 364 F.2d 919 (6th Cir. 1966) ................................ 8

*Lacy v. Comcast Cable Communications, LLC*, No. 3:19-cv-05007-RBL, 2020 WL 4698646 (W.D. Wash. Aug. 13, 2020) ....................................................................................... 19

*LaGuardia v. Designer Brands Inc.*, No. 2:20-CV-2311, 2021 WL 2092797 (S.D. Ohio May 24, 2021) ................................................................................................................... 15

*Lerner v. AmeriFinancial Sols. LLC*, No. CV GLR-20-965, 2021 WL 1785138 (D. Md. May 5, 2021) ..................................................................................................................... 15

*Less v. Quest Diagnostics, Inc.*, 515 F. Supp. 3d 715 (N.D. Ohio Jan. 26, 2021) ....................... 15

*Lindenbaum v. Realgy, LLC*, 497 F. Supp. 3d 290 (N.D. Ohio 2020)....................................... 20

*Marshall v. Grubhub Inc.*, No. 19-CV-3718, 2021 WL 4401496 (N.D. Ill. Sept. 27, 2021) ....... 15

*Massaro v. Beyond Meat, Inc.*, No. 320CV00510AJBMSB, 2021 WL 948805 (S.D. Cal. Mar. 12, 2021) ................................................................................................................... 16

*McCurley v. Royal Sea Cruises, Inc.*, No. 17-cv-00986-BAS-AGS, 2021 WL 288164 (S.D. Cal. Jan. 28, 2021) ..................................................................................................... 16

iv

*McDonald v. Holder*, No. 09-CV-0573-CVE-TLW, 2010 WL 5387482 (N.D. Okla. Dec. 17, 2010) ................................................................................................................. 8, 10

*Mey v. MedGuard Alert, Inc.*, No. 5:19-CV-315, 2021 WL 1652945 (N.D.W. Va. Apr. 27, 2021) ......................................................................................................................... 16

*Mich. Urgent Care & Primary Care Physicians, P.C. v. Medical Security Card Co.*, No. 2:20-CV-10353-TGB, 2021 WL 1663619 (E.D. Mich. Apr. 28, 2021) .......................... 19

*Miles v. Medicredit, Inc.*, 526 F. Supp. 3d 487 (E.D. Mo. Mar. 18, 2021)................................. 16

*Moody v. Synchrony Bank*, 529 F. Supp. 3d 1362 (M.D. Ga. 2021) ........................................... 16

*Morton College Bd. of Trustees of Illinois Community College Dist. No. 527 v. Town of Cicero*, 25 F. Supp. 2d 882 (N.D. Ill. 1998) ............................................................... 10

*Pers. v. Tech. Educ. Servs., Inc.*, No. 1:19-CV-03735-SDG, 2021 WL 2336533 (N.D. Ga. June 8, 2021) ...................................................................................................... 16

*Poonja v. Kelly Servs., Inc.*, No. 20-CV-4388, 2021 WL 4459526 (N.D. Ill. Sept. 29, 2021)..... 17

*Rieker v. Nat'l Car Cure, LLC*, No. 3:20cv5901-TKW-HTC, 2021 WL 210841 (N.D. Fla. Jan. 5, 2021)......................................................................................................... 17

*Roeder v. Collection Bureau of the Hudson Valley, Inc.*, No. 20 CIV. 06200 (JCM), 2021 WL 3888127 (S.D.N.Y. Aug. 31, 2021) ........................................................................ 17

*Samataro v. Keller Williams Realty, Inc.*, No. 1:18-CV-775-RP, 2021 WL 4927422 (W.D. Tex. Sept. 27, 2021)............................................................................................... 17

*Schmidt v. AmerAssist A/R Sols. Inc.*, No. CV-20-00230-PHX-DWL, 2020 WL 6135181 (D. Ariz. Oct. 19, 2020) ................................................................................................ 19

*Sessions v. Morales-Santana*, 137 S. Ct. 1678 (2017)................................................................ 20

*Shen v. Tricolor Cal. Auto Grp., LLC*, No. CV 20-7419 PA (AGRx), 2020 WL 7705888 (C.D. Cal. Dec. 17, 2020) ........................................................................................... 17

*Stephen v. Rite Aid Corp.*, No. CV 20-5601-MWF (PDX), 2021 WL 1255423 (C.D. Cal. Feb. 2, 2021) .............................................................................................................. 17

*Stoutt v. Travis Credit Union*, 512 F. Supp. 3d 1048 (E.D. Cal. Jan. 12, 2021).......................... 17

*Thomas v. Life Protect 24/7 Inc.*, No. 4:20-CV-03612, 2021 WL 4127144 (S.D. Tex. Sept. 10, 2021) ......................................................................................................................... 18

*Thomas-Lawson v. RLB Collective, Inc.*, No. 820CV01212FLAADSX, 2021 WL 2792319 (C.D. Cal. Apr. 12, 2021)............................................................................................ 18

v

*Trujillo v. Free Energy Sav. Co., LLC*, No. 5:19-cv-02072-MCS-SP, 2020 WL 8184336 (C.D. Cal. Dec. 21, 2020) ............................................................................................ 18

*Tuso v. Nat'l Health Agents, LLC*, No. 220CV02130JAMCKD, 2021 WL 2534220 (E.D. Cal. June 21, 2021) ............................................................................................ 18

*United States ex rel. Quartararo v. Cath. Health Sys. of Long Island Inc.*, 521 F. Supp. 3d 265 (E.D.N.Y. 2021) ............................................................................................ 9

*United States v. Meridian Senior Living, LLC*, No. 5:16-CV-410-BO, 2018 WL 3067734 (E.D.N.C. June 21, 2018) ............................................................................................ 9

*Valdes v. Nationwide Real Estate Execs., Inc.*, No. SA CV 201-01734-DOC-(JDEx), 2021 WL 2134159 (C.D. Cal. Apr. 22, 2021) ............................................................................................ 18

*Van Connor v. One Life Am., Inc.*, No. 6:19-CV-03283-DCC, 2021 WL 2667063 (D.S.C. June 29, 2021) ............................................................................................ 18, 22

*Walker v. Highmark BCBSD Health Options, Inc.*, No. 2:20-CV-01975-CCW, ECF No. 28 (W.D. Pa. May 14, 2021) ............................................................................................ 18

*White v. Nix*, 43 F.3d 374 (8th Cir. 1994) ............................................................................................ 10, 25

*Whittaker v. WinRed Tech. Servs. LLC*, No. CV-20-08150-PCT-JJT, 2021 WL 1102297 (D. Ariz. Mar. 23, 2021) ............................................................................................ 19

*Wyeth v. Sandoz, Inc.*, 703 F. Supp. 2d 508 (E.D.N.C. 2010) ............................................................................................ passim

**Statutes**

28 U.S.C. § 1292 ............................................................................................ passim

## Introduction

A party seeking an interlocutory appeal pursuant 28 U.S.C. § 1292(b) must show (1) that a controlling question of pure law exists, the answer to which will be dispositive of the litigation, (2) about which there is a substantial basis for a difference of opinion, and (3) that an immediate appeal from the order in question will materially advance the ultimate termination of the litigation. Charter Communications, Inc. dba Spectrum ("Defendant") fails to make such a showing through its motion to certify for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) ("Motion"), which, among its other deficiencies, is untimely.

Regarding the first question Defendant presents for certification—"whether [*Barr v. AAPC*, 140 S. Ct. 2335 (2020) ("*AAPC*")] compels dismissal of Plaintiff's claims"—Defendant ignores that this case will continue no matter how the Fourth Circuit rules on the question, and that an answer to it cannot therefore be dispositive of this matter. Moreover, there is no substantial ground for difference of opinion as to the question, which is exactly what another district court in this circuit recently pointed out in denying a defendant's motion to certify a nearly identical issue for interlocutory appeal. Lastly, Defendant fails to sufficiently explain how an interlocutory appeal as to "whether *AAPC* compels dismissal of Plaintiff's claims" would materially advance this case.

Regarding the second question Defendant presents for certification—"whether collateral estoppel applies"—Defendant glosses over the simple fact that the question is heavily freighted with the necessity for factual assessment, as opposed to a pure question of law, which it must be to satisfy § 1292(b)'s first prong. Additionally, there is no substantial ground for difference of opinion as to the question, and Defendant's argument otherwise fails from the start as it is based on a false premise. Finally, Defendant's suggestion that an answer from the Fourth Circuit as to "whether collateral estoppel applies" would materially advance this case because it would avoid

1

protracted and expensive litigation is inadequate, as the mere fact that resolution of an issue may save pre-trial and trial effort and expense is not determinative.

Consequently, this Court should deny Defendant's Motion.

## Relevant Procedure

On October 27, 2020, Tiffanie Hogans ("Plaintiff") filed her class action complaint against Defendant under the Telephone Consumer Protection Act ("TCPA"). *See* ECF No. 1. Defendant then filed its motion to dismiss Plaintiff's claims, *see* ECF No. 16, in response to which Plaintiff filed her response, *see* ECF No. 19, and in support of which Defendant filed its reply. *See* ECF No. 23.

On September 24, 2021, this Court issued its order denying Defendant's motion to dismiss Plaintiff's claims. *See* ECF No. 54. Nearly two months later, on October 19, 2021, Defendant filed its Motion. *See* ECF No. 57.

## Standard

"Under 28 U.S.C. § 1292(b), a district court may allow an interlocutory appeal of an otherwise nonappealable order when the movant establishes the following three things: (1) [the] order involves a controlling question of law, (2) there is substantial ground for difference of opinion as to the controlling question of law, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Wyeth v. Sandoz, Inc.*, 703 F. Supp. 2d 508, 524-25 (E.D.N.C. 2010) (Dever, J.).[1]

"Such certifications are the exception, not the rule, and district courts should strictly construe section 1292(b)." *Hill v. Robeson Cty., N.C.*, No. 7:09-CV-5-D, 2010 WL 2680555, at *1 (E.D.N.C. July 6, 2010) (Dever, J.). In other words, "[t]he immediate appeal of a certified question

---

[1]     Unless otherwise stated, all internal quotations and citations are omitted.

2

is an extraordinary remedy," and is appropriate only in "exceptional situations." *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438 (4th Cir. 1989).

"A prospective appellant, therefore, carries the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Id*. Indeed, § 1292(b) "was not intended to allow interlocutory appeal in ordinary suits." *Kraus v. Board of County Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966). "Nor was it intended as a vehicle to provide early review of difficult rulings in hard cases." *Id*. Rather, "Section 1292(b) is meant to be used sparingly and interlocutory appeals under this section are rare." *McDonald v. Holder*, No. 09-CV-0573-CVE-TLW, 2010 WL 5387482, at *2 (N.D. Okla. Dec. 17, 2010).

Moreover, "[e]ven where the requirements of § 1292(b) have been satisfied, the decision to certify an interlocutory appeal lies soundly within the discretion of the court that has issued the order." *United States v. Meridian Senior Living, LLC*, No. 5:16-CV-410-BO, 2018 WL 3067734, at *1 (E.D.N.C. June 21, 2018) (Boyle, J.). And because "[t]he requirements of § 1292(b) are to be strictly construed . . . even if the requirements are satisfied, a district court retains discretion to decline to certify an interlocutory appeal." *Duke Univ. v. Endurance Risk Sols. Assurance Co.*, No. 5:20-CV-672-BO, 2021 WL 4597069, at *1 (E.D.N.C. Oct. 5, 2021) (Boyle, J.).

**Argument**

**I.    Defendant unreasonably delayed filing its Motion.**

Under 28 U.S.C. § 1292(b), a motion for leave to appeal must be filed with the court of appeals within ten days after the district court issues an order approving the interlocutory appeal. But "the statute itself does not provide a time limit for when the moving party must file its motion with the district court. Nevertheless, courts have found that the party seeking interlocutory appeal

3

cannot unreasonably delay in its application." *Kogut v. Cty. of Nassau*, No. 06-CV-6695 (JS) (WDW, 2010 WL 844745, at *2 (E.D.N.Y. Mar. 8, 2010); *see also United States ex rel. Quartararo v. Cath. Health Sys. of Long Island Inc.*, 521 F. Supp. 3d 265, 274 (E.D.N.Y. 2021) ("Rule 5(a) of the Federal Rules of Appellate Procedure does not specify a time limit for seeking certification of interlocutory appeal under section 1292(b). However, reasonable simultaneity of the certification with the order certified is required.").

What amounts to an "unreasonable delay" is generally up to the discretion of the court. But the consensus appears to be that, absent extenuating circumstances, delays approaching two months are unreasonable. *See, e.g.*, *Fabricant v. Sears Roebuck & Co.*, No. 98-1281-CIV-NESBITT, 2001 WL 883303, at *1 (S.D. Fla. Jan. 29, 2001) (finding the defendant's motion for certification of an order for interlocutory appeal untimely where it was filed approximately one and a half months after the order was entered); *Morton College Bd. of Trustees of Illinois Community College Dist. No. 527 v. Town of Cicero*, 25 F. Supp. 2d 882, 884-85 (N.D. Ill. 1998) (finding the defendant's motion to certify an order under § 1292(b) untimely where it was filed thirty days after the order sought to be appealed was entered).

Here, this Court issued its order denying Defendant's motion to dismiss Plaintiff's claims on September 24, 2021. *See* ECF No. 54. But instead of immediately moving to certify the questions it now presents for interlocutory appeal, Defendant waited nearly two months—until November 19, 2021—to do so. *See* ECF No. 57. Given, therefore, that "one of the primary purposes of an interlocutory appeal is to expedite litigation and avoid protracted litigation," *see White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994), a two-month delay in filing its Motion suggests that Defendant "may be seeking to avoid an unfavorable ruling, rather than to expedite the litigation for the benefit of the Court and all parties." *McDonald*, 2010 WL 5387482, at *2. This

weighs strongly against Defendant's instant request, and provides a sufficient basis for this Court to deny Defendant's motion notwithstanding the merit-based issues Plaintiff addresses below. *See id.*

## II.     Defendant fails to present a controlling issue of law, the resolution of which would be dispositive of this matter.

"A question of controlling law is a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Wyeth*, 703 F. Supp. 2d at 525. "Conversely, a question of law would not be controlling if the litigation would necessarily continue regardless of how that question were decided." *Id.*

Here, neither of the questions Defendant presents—"whether *AAPC* compels dismissal of Plaintiff's claims," or "whether collateral estoppel applies," ECF No. 57 at 7—constitutes a controlling, dispositive issue of law.

### A.     "Whether *AAPC* compels dismissal of Plaintiff's claims" is not a controlling issue of law, dispositive of this matter.

Defendant argues that "[i]f [it] is correct about the impact of *AAPC* on the validity of the TCPA's speech restriction during the pertinent period, that conclusion will mandate dismissal of this entire action. Thus, Section 1292(b)'s first requirement is satisfied." ECF No. 57 at 10. This, however, is not true. And this Court took care to explain as much:

> Even if the Supreme Court or the Fourth Circuit ultimately determines that *AAPC* only applies prospectively, it would not doom Hogans's claims. * * * Even if the Supreme Court's decision in *AAPC* only applies prospectively, the court would not dismiss Hogans's claims entirely. Instead, Hogans's claims and the claims of her putative class members would be limited to those arising on or after July 1, 2019.

ECF No. 54 at 21-23; *accord* ECF No. 19 at 10-14 ("[E]ven if the reasoning underlying the court's decision in *Creasy* is correct—it is not, see *infra* at Argument, § II—this Court has subject matter

jurisdiction over Plaintiff's robocall restriction claims as they accrued after the Fourth Circuit severed the government-debt exception from the robocall restriction.").

So even if the Fourth Circuit ultimately agrees with Defendant's suggested interpretation of *AAPC*, this matter will continue, and the parties will litigate Plaintiff's claims concerning each telephone call Defendant placed to her cellular telephone following the Fourth Circuit's decision to sever the government-debt exception from the robocall restriction in *Am. Ass'n of Political Consultants, Inc. v. Fed. Commc'ns Comm'n*, 923 F.3d 159, 172 (4th Cir. 2019). Consequently, "whether *AAPC* compels dismissal of Plaintiff's claims" is not "a narrow question of pure law whose resolution will be completely dispositive of the litigation[.]" *Wyeth*, 703 F. Supp. 2d at 525.

## B. "Whether collateral estoppel applies" is not a controlling issue of law, dispositive of this matter.

Defendant next contends that "whether collateral estoppel applies" is a controlling issue of law because it is "a "pure question of law [that] does not require the appellate court to delve beyond the surface in order to determine the facts." ECF No. 57 at 7. But in order to determine "whether collateral estoppel applies" a court must consider whether "(1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding." ECF No. 54 at 5-6.

As a result, and contrary to Defendant's superficial statement otherwise, for the Fourth Circuit to decide "whether collateral estoppel applies," it would—given the very nature of the question Defendant presents—have to "delve beyond the surface in order to determine the facts." ECF No. 57 at 7. And since "a controlling question of law is typically a question as to the meaning

of a statutory or constitutional provision, regulation, or common law doctrine, as opposed to a question of law heavily freighted with the necessity for factual assessment," *Feinberg v. T. Rowe Price Grp., Inc.*, No. CV JKB-17-0427, 2021 WL 2784614, at *2 (D. Md. July 2, 2021), "whether collateral estoppel applies" is not a controlling issue of law for purposes of § 1292(b).

### III. Defendant fails to present a substantial ground for difference of opinion as to a controlling question of law.

Even if a question presented would be dispositive of a matter, § 1292(b) requires that a substantial ground for difference of opinion exists as to the question. *See Wyeth*, 703 F. Supp. 2d at 527. To demonstrate such a substantial ground for a difference of opinion a moving party must demonstrate much more than the mere presence of a disputed issue, or the simple lack of unanimity of authority:

> [T]he "substantial ground for a difference of opinion" must arise "out of a genuine doubt as to whether the district court applied the correct legal standard in its order." *Consub Del. LLC v. Schahin Engenharia Limitada,* 476 F.Supp.2d 305, 309 (S.D.N.Y.2007), *aff'd,* 543 F.3d 104 (2d Cir.2008), *abrogated in part on other grounds by Shipping Corp. of India Ltd. V. Jaldhi Overseas Pte Ltd.,* 585 F.3d 58 (2d Cir.2009). "[T]he mere presence of a disputed issue that is a question of first impression [in the Federal Circuit], standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *Flor v. BOT Fin. Corp (In re Flor )*, 79 F.3d 281, 284 (2d Cir.1996) (per curiam). "Rather, it is the duty of the district judge to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute." *Id.* (quotation and alterations omitted); *see Howes,* 889 F.Supp. at 852. Moreover, "a court is not bound to find reasonable cause for disagreement whenever authorities lack unanimity." *Howes,* 889 F.Supp. at 852 (quotation and alteration omitted). "Indeed, a district court has the discretion to find a lack of substantial ground for difference of opinion even though the only other reported decision on the issue at hand disagrees with the conclusions of the court." *Id.*

*Id.*

Here, there is no substantial ground for difference of opinion as to either of the questions Defendant presents. And case law applicable to the questions Defendant presents—"whether

*AAPC* compels dismissal of Plaintiff's claims," or "whether collateral estoppel applies," ECF No. 57 at 7—makes this clear.

**A. Even if "whether *AAPC* compels dismissal of Plaintiff's claims" was a controlling issue of law that could be dispositive of this matter, a substantial ground for a difference of opinion does not exist.**

By way of regurgitating the argument it submitted in connection with its memorandum in support of it motion to dismiss Plaintiff's claims, *see* ECF No. 16-1 at 9-20, Defendant contends "[t]here is a substantial difference of opinion on whether *AAPC* compels dismissal of Plaintiff's claims." ECF No. 57 at 10-13. There is not. *See* ECF No. 19 at 26-29 (collecting cases rejecting both Defendant's interpretation of *AAPC*, and the reasoning underlying Defendant's interpretation).

To be sure, to date, and through no less than thirty-seven decisions, district courts have nearly uniformly refused Defendant's interpretation of *AAPC*:

1. *Abramson v. Federal Ins. Co.*, CV 8:19-2523, 2020 WL 7318953, at *2 (M.D. Fla. Dec. 11, 2020) ("Although XenCall cites two cases supporting its arguments, the vast majority of cases this Court has reviewed conclude that parties may continue to bring claims under the portions of § 227(b) unaltered by *AAPC*.");

2. *Bakov v. Consol. World Travel, Inc.*, No. 15 C 2980, 2021 WL 4026978, at *3 (N.D. Ill. Mar. 8, 2021) ("seven out of nine [justices] held that the offending provision was severable. Based on this analysis the Court agrees with those courts holding that the offending provision was severable, leaving the balance fully enforceable at all times relevant to this case.");

3. *Bilek v. Nat'l Cong. Of Emps., Inc.*, No. 1:18-CV-03083, 2021 WL 4027512, at *2 (N.D. Ill. June 28, 2021) ("*Creasy*, *Lindenbaum*, and *Hussain* are also not persuasive because they misconstrue the nature of the Supreme Court's severance holding and the necessary consequences that flow from it. . . . [Defendants'] arguments fail to persuade the Court that *AAPC* cannot be applied retroactively.");

4. *Boisvert v. Carnival Corp.*, No. 8:20-cv-2076-30SPF, 2021 WL 1329079, at *2 (M.D. Fla. Mar. 12, 2021) (reversing the opinion in *Hussain*, and noting that "every court to analyze this issue since *Hussain* has concluded that the TCPA remains valid. The Court, having the benefit now of reading all of these cases, agrees with this majority view.");

8

5. *Bonkuri v. Grand Caribbean Cruises, Inc.*, 513 F. Supp. 3d 1360, 1363 (S.D. Fla. Jan. 19, 2021) ("Because the Supreme Court has invalidated and severed the government-debt exception from the remainder of § 227(b)(1)(A)(iii), the exception did not affect the remainder of the statute and the statute remains enforceable, at least against non-government debt collectors, as to calls made between November 2015 and July 6, 2020.");

6. *Buell v. Credit.com, Inc.*, No. 4:21-CV-01055-KAW, 2021 WL 3271127, at *5 (N.D. Cal. July 30, 2021) ("the Court finds that the TCPA's general robocall restriction remained intact from 1991 onward, which includes the entire putative class period, and requires that the pending motion to strike be denied.");

7. *Cano v. Assured Auto Grp.*, No. 3:20-CV-3501-G, 2021 WL 3036933, at *9 (N.D. Tex. July 19, 2021) ("In *AAPC*, the court held that the law is Section 227(b)(1)(A)(iii) without the government-debt exception. Concluding that this interpretation of Section 227(b)(1)(A)(iii) applies retroactively to cover the defendants' alleged conduct is consistent with the constitutional powers of the federal courts, principles of statutory interpretation, and the mandatory authority of *AAPC* and *Frost*.");

8. *DiStasio v. Edible Arrangements, LLC*, No. 3:16-CV-00538 (VLB), 2021 WL 1087499, at *4 (D. Conn. Feb. 1, 2021) ("the Court declines to hold that the statute DiStasio has sued Edible under, 47 U.S.C. § 227(b)(1)(A), was unconstitutional at the time suit was filed, and therefore denies Edible's motion for judgment on the pleadings.");

9. *Elcinda v. Technical Education Services, Inc.*, No. 1:19-CV-03735-SDG, 2021 WL 2336533, at *4 (N.D. Ga. June 8, 2021) ("the Court respectfully disagrees with the reasoning of *Cunningham*, *Lindenbaum*, and *Creasy*. Those decisions relied on a dissenting opinion in *AAPC* to create a distinction that, in this Court's view, was unintended by the plurality opinion.");

10. *Gunn v. Prospects DM, LLC*, No. 4:19CV3129 HEA, 2021 WL 1534234, at *3 (E.D. Mo. Apr. 19, 2021) ("the clear majority of cases to consider this issue have allowed parties to continue to bring § 227(b) claims post-AAPC. The Court finds these decisions persuasive and agrees that Justice Kavanaugh's statement signals the intent of the Supreme Court and what it would hold in future cases and, as such, may not be dismissed by a district court.");

11. *Hossfeld v. Am. Fin. Sec. Life Ins. Co.*, No. 0:19-CV-60597, 2021 WL 2453114, at *4 (S.D. Fla. June 16, 2021) ("An unconstitutional statutory amendment is a nullity and void when enacted, and for that reason has no effect on the original statute. Thus, robocalls made between November 2015 and July 2020, not made for the purpose of collecting a government debt, are enforceable under the TCPA.");

12. *LaGuardia v. Designer Brands Inc.*, No. 2:20-CV-2311, 2021 WL 2092797, at *2 (S.D. Ohio May 24, 2021) ("So when the *AACP* [sic] Court concluded that it could sever the government debt exemption from the rest of § 227(b), that amendment was void at its inception in 2015 and had no effect on the pre-2015 text of the statute. In other words, the

9

effect is as if the amendment had never happened and the pre-2015 statute's enforceability is unaffected by the amendment.");

13. *Lerner v. AmeriFinancial Sols. LLC*, No. CV GLR-20-965, 2021 WL 1785138, at \*5 (D. Md. May 5, 2021) ("In this case, the sheer volume of district courts to reject the position taken by Defendants in this case is highly persuasive. Justice Kavanaugh's opinion— whether dicta or not—is similarly persuasive. . . . Accordingly, the Court will decline to dismiss Lerner's claim for a lack of subject-matter jurisdiction.");

14. *Less v. Quest Diagnostics, Inc.*, 515 F. Supp. 3d 715 (N.D. Ohio Jan. 26, 2021) ("Since there are no constitutional defects to the pre-2015 text, the statute's enforceability is unaffected by the amendment. The conduct at issue here was not impacted by the exception. Barring guidance from the Sixth Circuit, this Court finds there is no constitutional defect to the Plaintiff's claim under 47 U.S.C. § 227(b)(1)(A)(iii) for conduct taking place in the 2015–2020 period.");

15. *Marshall v. Grubhub Inc.*, No. 19-CV-3718, 2021 WL 4401496, at \*4 (N.D. Ill. Sept. 27, 2021) ("It follows that because the government debt exception was void when enacted, the pre-2015 TCPA governs and represents the 'only valid expression' of Congress's intent. This approach applies a forward-looking view of severability, rather than a backward-looking one. Understood as such, the rest of the robocall provision of the TCPA remained constitutional between 2015 to 2021.");

16. *Massaro v. Beyond Meat, Inc.*, No. 320CV00510AJBMSB, 2021 WL 948805, at \*8 (S.D. Cal. Mar. 12, 2021) ("Even if the Court concluded that Justice Kavanaugh's footnote is dicta, this Court is nevertheless persuaded by this unambiguous announcement that the *AAPC* decision is not meant to disturb the entirety of the TPCA. . . . the Court joins several other district courts within the Ninth Circuit—including Judge Bashant of this district—in holding that *AAPC* did not divest federal courts of jurisdiction over TCPA claims concerning robocalls made between 2015 and the date of AAPC's issuance.");

17. *McCurley v. Royal Sea Cruises, Inc.*, No. 17-cv-00986-BAS-AGS, 2021 WL 288164, at \*4 (S.D. Cal. Jan. 28, 2021) ("This case involves allegations of the use of an automatic telephone dialing system and a prerecorded voice to sell cruise packages, not to collect a federal government debt. Justice Kavanagh's statement in *AAPC* makes it clear that the TCPA still applies to this conduct even though it occurred between 2015 and 2020. Therefore, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is DENIED.");

18. *Mey v. MedGuard Alert, Inc.*, No. 5:19-CV-315, 2021 WL 1652945, at \*6 (N.D.W. Va. Apr. 27, 2021) ("For all the reasons stated above, this Court finds that the TCPA, except for the 2015 amendment, remains and remained in full force and effect throughout its tenure.");

19. *Miles v. Medicredit, Inc.*, 526 F. Supp. 3d 487, 491 (E.D. Mo. Mar. 18, 2021) ("The Court finds these decisions persuasive and agrees that Kavanaugh's statement signals the intent

10

of the Supreme Court and what it would hold in future cases and, as such, may not be dismissed by a district court," and noting the Ninth Circuit "implicitly acknowledge[ed] that claims concerning non-government debt collection robocalls made after the 2015 enactment of the government debt exception remain viable");

20. *Moody v. Synchrony Bank*, 529 F. Supp. 3d 1362, 1367 (M.D. Ga. 2021) ("*AAPC* does not support Synchrony's position that severance is generally non-retroactive; *Seila Law* refutes that position; and the Court finds unpersuasive the *Creasy* order's conclusion that the TCPA warrants a departure from traditional severability doctrine. Rather, this is an unexceptional case where the usual rules apply.");

21. *Pavelka v. Charter Communications, Inc.*, No. 3:20-CV-01557 (MPS), 2021 WL 5566390, at *7 (D. Conn. Nov. 29, 2021) ("In sum, the *AAPC* plurality opinion and longstanding Supreme Court precedent indicate that the robocall provision may be constitutionally applied against Charter for calls placed after the government-debt exception was added but before the *AAPC* decision was handed down. As noted above, the statutory severance clause makes clear that this type of surgical correction that leaves unaffected the operation of other provisions of the statute is what Congress wanted. And the equities, including First Amendment free speech values, do not command a contrary result.");

22. *Pers. v. Tech. Educ. Servs., Inc.*, No. 1:19-CV-03735-SDG, 2021 WL 2336533, at *4 (N.D. Ga. June 8, 2021) ("In any event, the Court respectfully disagrees with the reasoning of *Cunningham*, *Lindenbaum*, and *Creasy*. Those decisions relied on a dissenting opinion in *AAPC* to create a distinction that, in this Court's view, was unintended by the plurality opinion.");

23. *Poonja v. Kelly Servs., Inc.*, No. 20-CV-4388, 2021 WL 4459526, at *5 (N.D. Ill. Sept. 29, 2021) ("Defendant's argument, relying on the views of two Justices to suggest that this Court should disregard the clear result that follows from the views of seven Justices, runs contrary to the Seventh Circuit's observation that '[a]n inferior court is not entitled to say that because the one is more persuasive than the eight, it will follow the one.' For the reasons stated below, Defendant's motions to dismiss are both denied.");

24. *Rieker v. Nat'l Car Cure, LLC*, No. 3:20cv5901-TKW-HTC, 2021 WL 210841, at *1 (N.D. Fla. Jan. 5, 2021) ("The Court finds the *Trujillo* decision persuasive, and for sake of brevity, the Court simply adopts the reasoning in that decision as well as its conclusion that the robocall statute remains enforceable, at least against non-government-debt collectors, as to calls made between 2015 and [July] 2020.");

25. *Roeder v. Collection Bureau of the Hudson Valley, Inc.*, No. 20 CIV. 06200 (JCM), 2021 WL 3888127, at *8 (S.D.N.Y. Aug. 31, 2021) ("Because the remainder of § 227(b)(1)(A)(iii) applies retroactively [following *AAPC*], the statutory provision on which Plaintiff's action is based is constitutional.");

26. *Samataro v. Keller Williams Realty, Inc.*, No. 1:18-CV-775-RP, 2021 WL 4927422, at *4 (W.D. Tex. Sept. 27, 2021) ("the Court has subject matter jurisdiction over Plaintiffs'

claims because the TCPA was enforceable during the applicable time period of this action, despite the invalidity of the 2015 government debt amendment.");

27. *Shen v. Tricolor Cal. Auto Grp., LLC*, No. CV 20-7419 PA (AGRx), 2020 WL 7705888, at *4, 5 (C.D. Cal. Dec. 17, 2020) ("This Court, like several others to have considered the issue, declines to adopt an analysis that appears to be at odds with the views of a majority of the Supreme Court's Justices and the Ninth Circuit. Instead, it appears that a majority of Justices, and the Ninth Circuit, ascribe to a more limited view of severance that invalidates and severs unconstitutional provisions from the remainder of the law rather than razing whole statutes or Acts of Congress. . . . the Court concludes that Plaintiff's 1st AC, which is based on the parts of the TCPA that were enacted in 1991 and have survived a constitutional challenge, states a viable claim over which the Court possesses subject matter jurisdiction.");

28. *Stephen v. Rite Aid Corp.*, No. CV 20-5601-MWF (PDX), 2021 WL 1255423, at *3 (C.D. Cal. Feb. 2, 2021) ("Rite Aid's interpretation of severability is meritless. Because *AAPC* did not invalidate the remainder of the TCPA, the statute remains enforceable against non-government debt collectors that made robocalls between 2015 and 2020.");

29. *Stoutt v. Travis Credit Union*, 512 F. Supp. 3d 1048, 1053 (E.D. Cal. Jan. 12, 2021) ("Holding the entire robocall ban to be ineffective as to calls made between 2015 and 2020 would improperly construe *AAPC* as having invalidated the entirety of § 227(b)(1)(A)(iii), rather than just the government-debt exception, and thus would undermine the Court's central purpose in severing the statute.");

30. *Thomas v. Life Protect 24/7 Inc.*, No. 4:20-CV-03612, 2021 WL 4127144, at *7 (S.D. Tex. Sept. 10, 2021) ("Nothing disturbs the overall presumption in favor of the TCPA's constitutionality. The decision in *Barr* finding unconstitutional only the government-debt exception means that only it was void from inception.");

31. *Thomas-Lawson v. RLB Collective, Inc.*, No. 820CV01212FLAADSX, 2021 WL 2792319, at *3 (C.D. Cal. Apr. 12, 2021) ("This court agrees with the positions advanced in *Trujillo* and *Shen*, and finds the robocall provision of the TCPA, as unamended, applied at the time Haven allegedly sent text messages to Thomas-Lawson.");

32. *Trujillo v. Free Energy Sav. Co., LLC*, No. 5:19-cv-02072-MCS-SP, 2020 WL 8184336, at *5 (C.D. Cal. Dec. 21, 2020) ("The *AAPC* plurality's reasoning and the Ninth Circuit's binding decision in *Duguid* both indicate that the robocall statute remains enforceable, at least against non-government-debt collectors, as to calls made between 2015 and 2020. Thus, the Court can adjudicate Plaintiff's individual claim concerning Defendant's non-government-debt collection messages sent in 2019.");

33. *Tuso v. Nat'l Health Agents, LLC*, No. 220CV02130JAMCKD, 2021 WL 2534220, at *5 (E.D. Cal. June 21, 2021) ("This Court agrees with the analysis in *Stoutt* and finds it may adjudicate all portions of Plaintiff's TCPA claims, including those concerning calls placed prior to July 6, 2020.");

34. *Valdes v. Nationwide Real Estate Execs., Inc.*, No. SA CV 201-01734-DOC-(JDEx), 2021 WL 2134159, at *3 (C.D. Cal. Apr. 22, 2021) ("Both *AAPC* and *Duguid* indicate that the robocall statute remains enforceable, at least against non-government-debt collectors, as to calls made between 2015 and 2020. Here, NREE agents made calls to the Plaintiff for non-government-debt-collection purposes in 2018, and therefore, the Court can adjudicate the Plaintiff's claim concerning NREE's calls.");

35. *Van Connor v. One Life Am., Inc.*, No. 6:19-CV-03283-DCC, 2021 WL 2667063, at *5 (D.S.C. June 29, 2021), *motion to certify appeal denied,* No. 6:19-CV-03283-DCC, 2021 WL 4272614 (D.S.C. Sept. 21, 2021) ("Because the moving Defendants' arguments fall short of overcoming the highly persuasive on-point authority of the plurality's footnote, and because Plaintiff's position is consistent with the logic of *AAPC's* majority holding and the law on severance, the Court finds that enforcement of the TCPA's robocall restriction against non-government-debt collectors between 2015 and 2020 does not violate the Constitution.");

36. *Walker v. Highmark BCBSD Health Options, Inc.*, No. 2:20-CV-01975-CCW, ECF No. 28 (W.D. Pa. May 14, 2021) ("Because the Supreme Court in *AAPC* severed the government debt exception, rather than invalidating the TCPA's robocall restriction in its entirety, parties may be liable for violations during the 2015–2020 period and, therefore, Highmark's Motion will be denied.");

37. *Whittaker v. WinRed Tech. Servs. LLC*, No. CV-20-08150-PCT-JJT, 2021 WL 1102297, at *2 (D. Ariz. Mar. 23, 2021) ("NRSC urges this Court to interpret *AAPC* as finding the entirety of § 227(b)(1)(A)(iii) unconstitutional between the enactment of the amendment and AAPC and thus excuse it from retrospective liability. The Court declines to adopt that interpretation at this time.").[2]

---

[2]    *Accord Buchanan v. Sullivan*, CV 8:20-301, 2020 WL 6381563, at *3 (D. Neb. Oct. 30, 2020) (indirectly addressing *AAPC*, denying a motion to dismiss, and describing *AAPC* as "severing the debt-collection exception to the TCPA as unconstitutional, leaving the generally applicable restrictions at issue here intact."); *Burton v. Fundmerica, Inc.*, CV 8:19-119, 2020 WL 4504303, at *1 n.2 (D. Neb. Aug. 5, 2020) (indirectly addressing *AAPC*, granting a motion for default judgment, and noting that "[t]he Supreme Court held last month in *Barr* that one of the exceptions to this general prohibition, for calls made solely to collect a government debt, violated the First Amendment, but that it was severable from the TCPA as a whole—so, the provision on which the plaintiff's claim relies survived."); *Johansen v. LoanDepot.com LLC*, No. 8:20-cv-00919-DOC (JDE), 2021 WL 669329, at *4 (C.D. Cal. Jan. 31, 2021) (addressing (c)(5) claims, and noting that "In *Abramson*, the district court rejected the defendant's argument that the *AAPC* decision precluded the plaintiff from bringing claims under the remainder of Section 227(b), finding that the vast majority of cases [the] Court has reviewed conclude that parties may continue to bring claims under the portions of § 227(b) unaltered by *AAPC*. The Court finds Defendants' reliance on *Hussain* unpersuasive."); *Komaiko v. Baker Techs., Inc.*, No. 19-cv-03795-DMR, 2020 WL 5104041, at *2 (N.D. Cal. Aug. 11, 2020) (indirectly addressing *AAPC*, denying a motion to stay, and noting that "[b]ecause the government-debt exception is not at issue in this case, the

And of the four district court decisions that at one point accepted Defendant's interpretation, one—which Defendant chose not to reference through its Motion—effectively reversed itself, *see Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc.*, No. 5:20-CV-38-OC-30PRL, 2020 WL 7346536 (M.D. Fla. Dec. 11, 2020) (*de facto* reversed by the same judge in *Boisvert*, 2021 WL 1329079, at *2 ("But, as stated further above, every court to analyze this issue since *Hussain* has concluded that the TCPA remains valid. The Court, having the benefit now of reading all of these cases, agrees with this majority view.")), and the Sixth Circuit reversed another. *See Lindenbaum v. Realgy, LLC*, 497 F. Supp. 3d 290 (N.D. Ohio 2020) (reversed at 13 F.4th 524 (6th Cir. 2021)).[3]

---

decision in *Political Consultants* does not impact Plaintiffs' claims."); *Lacy v. Comcast Cable Communications, LLC*, No. 3:19-cv-05007-RBL, 2020 WL 4698646, at *1 (W.D. Wash. Aug. 13, 2020) (indirectly addressing *AAPC*, denying a motion to stay, and noting that "while the Supreme Court invalidated the debt-collection exception, it severed the provision rather than striking down the TCPA's entire robocall restriction."); *Mich. Urgent Care & Primary Care Physicians, P.C. v. Medical Security Card Co.*, No. 2:20-CV-10353-TGB, 2021 WL 1663619, at *3 (E.D. Mich. Apr. 28, 2021) (denying a motion to dismiss in junk fax case, and noting that "[t]he Court rejects Defendant's assertions that the robocall restriction is essential to the statute such that its partial invalidity renders the entire statute void," and that "[i]t is true that the narrow holding of *AAPC* did not address retrospective or prospective liability—only the judgment finding the government debt exception unconstitutional and severable was supported by a majority of Justices. But Justice Kavanaugh's plurality opinion contains a footnote that, although dicta, addresses and rejects the argument Defendant makes here."); *Schmidt v. AmerAssist A/R Sols. Inc.*, No. CV-20-00230-PHX-DWL, 2020 WL 6135181, at *4 n.2 (D. Ariz. Oct. 19, 2020) (addressing *AAPC* in passing, and noting that "[t]he exception for calls made to collect government-owned or -guaranteed debt was recently invalidated and severed by the Supreme Court. Schmidt has not alleged that her purported debt was owned or guaranteed by the government, so *Barr* does not affect this case.").

[3]     Tacitly acknowledging a lack of convincing authority directly endorsing its position, Defendant re-argues that *Grayned v. City of Rockford*, 408 U.S. 104 (1972) and *Sessions v. Morales-Santana*, 137 S. Ct. 1678 (2017) demonstrate that "There is a Substantial Ground for Difference of Opinion on Whether *AAPC* Compels Dismissal of Plaintiff's Claims." ECF No. 57 at 10-11. But Defendant made these arguments—and cited these cases—through its motion to dismiss Plaintiff's claims, *see, e.g.*, ECF No. 16-1 at 14, 19, Plaintiff addressed them through her response, *see* ECF No. 19 at 29-30, and this Court addressed *Grayned* through its order denying Defendant's motion to dismiss Plaintiff's claims. *See* ECF No. 54 at 18. Significant, then, is that

The lay of the land, therefore, is that (1) the only circuit court of appeals to specifically address Defendant's interpretation of *AAPC* rejected it, (2) two other circuit courts of appeals rejected the reasoning on which Defendant's argument now rests,[4] (3) district courts across the country reached the same conclusion through no less than thirty-seven other decisions, and (4) only two decisions through which district courts accepted Defendant's interpretation of *AAPC* effectively remain. Thus, there is no substantial ground for a difference of opinion as to "whether *AAPC* compels dismissal of Plaintiff's claims." And this is exactly what another district court in this circuit recently held:

> The Moving Defendants move this Court to certify its June Order for immediate appeal to the United States Court of Appeals for the Fourth Circuit on the issue of whether § 227(b)(1)(A) of the TCPA was unconstitutional during the intervening period between Congress's amendment in 2015 and the *Barr* decision in 2020. . . .
>
> *    *    *
>
> As stated earlier, all three criteria of 28 U.S.C. § 1292(b) must be satisfied in order for the Court to certify an order for immediate appeal. If one of the three elements is not met, the Court should not grant certification. Upon review, the Court finds the Motion to Certify the June Order for Interlocutory Appeal should be denied because the Moving Defendants have not demonstrated that there is substantial ground for difference of opinion.
>
> In the June Order, this Court joined the vast majority of other federal district courts, both in this circuit and elsewhere, in finding the TCPA's robocall restriction remained in effect between 2015 and 2020 and its enforcement does not violate the

---

Defendant's Motion is not a one for reconsideration. This Court should therefore not entertain Defendant's attempt to relitigate its motion to dismiss Plaintiff's claims, couched as a motion to certify a question for interlocutory appeal.

[4]      *See Duguid v. Facebook, Inc.*, 926 F.3d 1146, 1157 (9th Cir. 2019)*, cert. granted in part,* 141 S. Ct. 193, 207 L. Ed. 2d 1118 (2020), *and rev'd and remanded on unrelated grounds*, 141 S. Ct. 1163, 209 L. Ed. 2d 272 (2021) ("We reject Facebook's challenge that the TCPA as a whole is facially unconstitutional, but we sever the debt-collection exception as violative of the First Amendment. We reverse the dismissal of Duguid's amended complaint and remand for further proceedings."); *Am. Ass'n of Pol. Consultants, Inc.*, 923 F.3d at 172 ("We also direct the severance of the debt-collection exemption from the balance of the automated call ban and remand for such further proceedings as may be appropriate.").

Constitution. ECF No. 162 at 7, 10; *see also id.* at 10 n.4 (collecting federal district court cases holding the restriction's enforcement constitutional). The undersigned also acknowledged that a minority of federal district courts have reached the opposite conclusion. *See id.* at 6. However, "[t]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *Michelin N. Am., Inc.*, 2013 WL 5946109, at *5 (quoting *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)). Moreover, the United States Court of Appeals for the Sixth Circuit recently considered this issue and agreed with this Court, holding the *Barr* decision applies retroactively and left the unsevered portion of the TCPA's robocall restriction in effect during the intervening period. *Lindenbaum v. Realgy, LLC*, —— F.4d ——, 2021 WL 4097320 at *4 (6th Cir. Sept. 9, 2021). The Court therefore finds there is no substantial ground for difference of opinion to warrant certification to the Fourth Circuit for an interlocutory appeal. Based on this finding, the Court need not determine whether the Moving Defendants raise a controlling issue of law or whether an immediate appeal would materially advance the ultimate termination of the litigation. *See, e.g.*, *Cooke-Bates v. Bayer Corp.*, C.A. No. 3:10-cv-261, 2010 WL 4789838 at *2 n.4 (E.D.Va. Nov. 16, 2010) (declining to decide whether the other two criteria of § 1292(b) are satisfied after finding substantial ground for difference of opinion did not exist). Accordingly, the Court denies the Motion to Certify the June Order for Interlocutory Appeal.

*Van Connor*, 2021 WL 4272614, at *2-3.

### B. Even if "whether collateral estoppel applies" were a controlling issue of law that could be dispositive of this matter, a substantial ground for a difference of opinion does not exist.

Defendant argues that "there is a substantial ground for difference of opinion on the collateral estoppel ruling" because "the Court's ruling conflicts with numerous holdings from this Circuit and others." ECF No. 57 at 8. In support of its position, Defendant reasons that since "*Creasy* did not determine only that Fifth Circuit courts lack federal subject matter jurisdiction— it conclusively determined that the entire federal system lacks jurisdiction," *id*. at 9, this Court's order somehow conflicts with "holdings from this Circuit and others." *Id*. at 8.

But even ignoring the non-sequitur-like rationale on which Defendant's argument rests, the court in *Creasy v. Charter Commc'ns, Inc.* did not hold that "the entire federal system lacks jurisdiction" over Plaintiff's claims *Id*. at 9. Quite contrary, the court in *Creasy* wrote:

16

Two related issues of great importance to the parties namely, whether this Court's partial final judgment against Hogans precludes Hogans' claims in the Eastern District of North Carolina, and whether that court has jurisdiction to consider such claims—are not this Court's to consider. The Court leaves those questions to its sister court in the Eastern District of North Carolina.

No. CV 20-1199, 2020 WL 7646640, at *2 (E.D. La. Dec. 23, 2020).

This, of course, is a point this Court took care to make through its order denying Defendant's motion to dismiss. *See* ECF No. 55 at 8 ("In *Creasy*, the court did not address what effect, if any, the Fourth Circuit's decision in *AAPC* had on this court's jurisdiction or the validity of Hogans's claims: *Cf. Creasy*, 489 F. Supp. 3d at 506-08. And in his order granting partial final judgment, Judge Feldman expressly declined to consider that issue.").

So without more, Defendant's suggestion that "there is a substantial ground for difference of opinion on the collateral estoppel ruling" because "the Court's ruling conflicts with numerous holdings from this Circuit and others," ECF No. 57 at 8, fails from the outset, as the very premise on which it rests is unsound.

**IV.    Defendant fails to demonstrate that an immediate appeal would materially advance the ultimate termination of this litigation.**

"[A]s for whether an immediate appeal from the order may materially advance the ultimate termination of the litigation, the mere fact that resolution at this time may save pre-trial and trial effort and expense is not determinative; that of course can be said of any interlocutory appeal." *Wyeth*, 703 F. Supp. 2d at 529.

Here, an immediate appeal as to either question Defendant presents—"whether *AAPC* compels dismissal of Plaintiff's claims," or "whether collateral estoppel applies," ECF No. 57 at 7—would not materially advance the ultimate termination of this matter.

17

**A. An interlocutory appeal to decide "whether *AAPC* compels dismissal of Plaintiff's claims" would not materially advance this case.**

Defendant argues that "allowing immediate appeal of whether *AAPC* compels dismissal of Plaintiff's claims will materially advance ultimate termination because, if the Fourth Circuit agrees, Plaintiff's case will be eliminated, and, thus, unnecessary protracted and expensive litigation—including class discovery, third party subpoenas, dispositive motions, and possibly a trial—would be avoided." ECF No. 57 at 18. But as Plaintiff explains above, this is not true. *See supra* Argument § I.A. Because even if the Fourth Circuit ultimately finds Defendant's interpretation of *AAPC* to be correct, Plaintiff's case would not be "eliminated," and would proceed regarding Plaintiff's claims that arose after the Fourth Circuit severed the government-debt exception from the robocall restriction. *See* ECF No. 54 at 21-23 ("Even if the Supreme Court or the Fourth Circuit ultimately determines that *AAPC* only applies prospectively, it would not doom Hogans's claims. * * * Even if the Supreme Court's decision in *AAPC* only applies prospectively, the court would not dismiss Hogans's claims entirely. Instead, Hogans's claims and the claims of her putative class members would be limited to those arising on or after July 1, 2019.").

**B. An interlocutory appeal as to "whether collateral estoppel applies" would not materially advance this case.**

Defendant states that "whether collateral estoppel applies" would materially advance this case because "protracted and expensive litigation would be entirely avoided." ECF No. 57 at 8. But again, "[t]he mere fact that its resolution at this time *may* save pre-trial and trial effort and expense is not determinative; that of course can be said of any interlocutory appeal." *Fannin*, 873 F.2d at *5. "Indeed, to make the determination whether appellate resolution of [whether collateral estoppel applies] will 'materially advance ultimate termination' would require addressing the

merits sufficiently to assess the likely outcome on appeal, a process obviously not appropriate [here]." *Id*.

## Conclusion

"Unless all of the statutory criteria [required by § 1292(b)] are satisfied, a district court may not and should not certify its order . . . for an immediate appeal under [§] 1292(b)." *Clark Const. Grp., Inc. v. Allglass Sys., Inc*, No. CIV.A. DKC 2002-1590, 2005 WL 736606, at *1 (D. Md. Mar. 30, 2005). Here, Defendant fails to satisfy all of the criteria required by § 1292(b). Given as much, this Court should allow this already delayed matter—Plaintiff filed her class action complaint well over a year ago, yet the parties submitted their Rule 26(f) report just weeks ago—to proceed absent further delay.

Date: December 24, 2021

*/s/ Alexander D. Kruzyk*
Alexander D. Kruzyk
Greenwald Davidson Radbil PLLC
401 Congress Avenue, Suite 1540
Austin, Texas 78701
Telephone: (561) 826-5477
akruzyk@gdrlawfirm.com

Michael L. Greenwald
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, Florida 33487
Telephone: (561) 826-5477
mgreenwald@gdrlawfirm.com

Wesley S. White
Law Offices of Wesley S. White
State Bar No.: 43916
2300 E. 7th Street, Suite 101
Charlotte, NC 28204
Telephone: (702) 824-1695
wes@weswhitelaw.com

*Counsel for Plaintiff and the proposed classes*

19

**CERTIFICATE OF SERVICE**

I certify that on December 24, 2021 the foregoing document was filed with this Court using

CM/ECF, which will send notification of such to counsel of record.

_/s/ Alexander D. Kruzyk_
Alexander D. Kruzyk