# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

| | |
|---|---|
| Tiffanie Hogans, *on behalf of herself and others similarly situated*, | ) Civil Action No.: 5:20-cv-00566-BR |
| Plaintiff, | ) |
| v. | ) |
| Charter Communications, Inc. dba Spectrum, | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S "MOTION TO STAY PENDING DISPOSITION OF ITS MOTION TO CERTIFY THE DENIAL OF ITS MOTION TO DISMISS FOR INTERLOCUTORY APPEAL"**

i

# Table of Contents

Introduction ................................................................................................................................... 1

Relevant Procedure ..................................................................................................................... 2

Standard ....................................................................................................................................... 2

Argument ..................................................................................................................................... 3

    I.    Defendant has not shown that it is likely to prevail on its motion to certify the denial of its motion to dismiss for an interlocutory appeal, much less that it is likely to prevail on an interlocutory appeal should one ultimately be permitted. ............................................. 3

        A.    Relevant procedural hurdles undermine Defendant's argument that it is "likely to prevail on appeal." .................................................................................................. 3

        B.    Defendant is not likely to prevail on appeal. ................................................. 5

        C.    Defendant fails to raise substantial legal questions that warrant a stay of this case. ....... 7

    II.    Merely litigating a case does not constitute an "irreparable harm" sufficient to warrant a stay. .................................................................................................................................. 10

    III.    Plaintiff would be harmed by a stay in this case. .............................................. 11

    IV.    The public interest does not support Defendant's request for a stay. ............................... 14

Conclusion ................................................................................................................................. 16

## Introduction

As Tiffanie Hogans ("Plaintiff") explained through her response in opposition to Charter Communications, Inc.'s ("Defendant") "motion to certify for interlocutory appeal pursuant to 28 U.S.C. § 1292(b)," Defendant believes that at least thirty-seven courts—including this Court—have erred in their interpretation of *Barr v. AAPC*, 140 S. Ct. 2335 (2020) ("*AAPC*"), and that two courts to have ruled contrary to those thirty-seven are correct. Based on this position, Defendant believes that this Court should certify for interlocutory appeal its order denying Defendant's motion to dismiss ("Order"). In turn, Defendant contends that a stay of discovery is warranted because "Charter Will Likely Prevail on Appeal," ECF No. 61 at 7, because "Charter will suffer irreparable harm" if it must engage in routine discovery, and because a potentially lengthy stay will cause no harm to Plaintiff. *Id.* at 8. Defendant is mistaken.

As an initial matter, Defendant's contention that it will "likely prevail on appeal" is premature, given that neither has this Court certified the Order for interlocutory appeal, nor has the Fourth Circuit granted Defendant permission to take an interlocutory appeal—an action the Fourth Circuit takes in just 39% of cases that district courts certify for purposes of an interlocutory appeal. *See infra* Argument § I.A. And even if that were not the case, Defendant's motion to certify the Order for interlocutory appeal seems to be an uphill battle, given that courts in this Circuit and nationwide disagree with Defendant's reasoning at a ratio of nearly 20:1. *See generally* ECF No. 62 at 21. Moreover, were *that* not enough, Defendant identifies no irreparable harm—aside from the routine costs of litigating a case under the Telephone Consumer Protection Act ("TCPA")—it would suffer should discovery in this matter proceed. On the other hand, a potentially-lengthy stay of this case would harm Plaintiff, risk the deterioration of highly relevant evidence, and interfere with judicial efficiency and the public's interest in prompt resolution of legal disputes.

1

Notably, at least one other court within this Circuit recently denied a TCPA defendant's similar motion to certify an interlocutory appeal. *See Van Connor v. One Life Am., Inc.*, No. 6:19-CV-03283-DCC, 2021 WL 4272614, at *3 (D.S.C. Sept. 21, 2021) ("The Moving Defendants move this Court to certify its June Order for immediate appeal to the United States Court of Appeals for the Fourth Circuit on the issue of whether § 227(b)(1)(A) of the TCPA was unconstitutional during the intervening period between Congress's amendment in 2015 and the *Barr* decision in 2020. * * * Accordingly, the Court denies the Motion to Certify the June Order for Interlocutory Appeal."). This Court should do the same here.

### Relevant Procedure

On October 27, 2020, Tiffanie Hogans ("Plaintiff") filed her class action complaint against Defendant under the TCPA. *See* ECF No. 1. Defendant then filed its motion to dismiss Plaintiff's claims, *see* ECF No. 16, in response to which Plaintiff filed her response, *see* ECF No. 19, and in support of which Defendant filed its reply. *See* ECF No. 23.

On September 24, 2021, this Court issued its order denying Defendant's motion to dismiss Plaintiff's claims. *See* ECF No. 54. Nearly two months later, on November 19, 2021, Defendant filed its "motion to certify for interlocutory appeal pursuant to 28 U.S.C. § 1292(b)." *See* ECF No. 57. Then, on December 22, 2021, Defendant moved to stay this case pending the resolution of its motion to certify the Order for interlocutory appeal, as well as the resolution of an interlocutory appeal should one ultimately proceed. ECF No. 61.

### Standard

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). But "[h]ow

this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. at 254-55.

"A party seeking a stay pending the outcome of an interlocutory appeal must show four things: First, 'that he will likely prevail on the merits of the appeal[.]" *Id.* Second, "that he will suffer irreparable injury if the stay is denied[.]' Third, 'that other parties will not be substantially harmed by the stay.' *Id.* And fourth, 'that the public interest will be served by granting the stay.'" *Kariuki v. N. Carolina Dep't of Ins.*, No. 5:18-CV-00341-D, 2021 WL 2188672, at *1 (E.D.N.C. May 28, 2021). To be sure, "[o]n a motion to stay discovery pending an interlocutory appeal, the movant 'bears the burden of establishing its need' for a stay and does not enjoy an automatic stay as a right." *Stone v. Trump*, 402 F. Supp. 3d 153, 160 (D. Md. 2019).

**Argument**

**I. Defendant has not shown that it is likely to prevail on its motion to certify the denial of its motion to dismiss for an interlocutory appeal, much less that it is likely to prevail on an interlocutory appeal should one ultimately be permitted.**

Defendant suggests that a stay of this case is warranted pending resolution of Defendant's motion to certify the Order for interlocutory appeal—and beyond, should its motion be granted—because (1) it is "likely to prevail" on appeal; and (2) its motion to certify an interlocutory appeal "raises substantial legal questions." ECF No. 61 at 7. But because this Court should not grant Defendant's motion to certify the Order for interlocutory appeal, *see generally* ECF No. 62, the Fourth Circuit may never hear it. And even if this Court grants Defendant's motion to certify the Order for interlocutory appeal, and the Fourth Circuit then allows Defendant to take an interlocutory appeal in this matter, Defendant is nonetheless unlikely to prevail.

**A. Relevant procedural hurdles undermine Defendant's argument that it is "likely to prevail on appeal."**

As an initial matter—and briefly setting aside the merits of Defendant's argument—there

3

is no appeal presently pending in the Fourth Circuit. And, if this Court were to grant Defendant's motion to certify its denial of Defendant's motion to dismiss for interlocutory appeal, Defendant is not automatically entitled to an interlocutory appeal. *Compare* Fed. R. App. Pro. 5(a)(3) ("If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement. In that event, the time to petition runs from entry of the amended order.") *with id.* at R. 5(a)(1) (if that criterion is met, "[t]o request permission to appeal when an appeal is within the court of appeals' discretion, a party must file a petition with the circuit clerk and serve it on all other parties to the district-court action.").

So even if this Court were to grant Defendant's motion to certify the Order for interlocutory appeal—it should not—the Fourth Circuit would then need to grant Defendant permission to move forward with an interlocutory appeal. *Id.* Recent analysis, however, shows that the Fourth Circuit grants only approximately 39% of certified interlocutory appeals. *See* Emery G. Lee III, Jason A. Cantone & Kristin A. Garri, FEDERAL JUDICIAL CENTER, *Permissive Interlocutory Appeals, 2013– 2019* (2020) (noting that 39% of "Section 1292(b) Applications" were granted by the Fourth Circuit between 2013-2019). Against this backdrop, Defendant's argument that it is likely to prevail on appeal must be discounted, from the outset, by (1) this Court's consideration of the merits of Defendant's position; and (2) the 39% chance that the Fourth Circuit would ultimately grant Defendant permission to move forward with an interlocutory appeal here, particularly given that all other circuit courts to consider the subject issue—or the same issue as *AAPC*—

4

unanimously reject Defendant's position.[1]

### B. Defendant is not likely to prevail on appeal.

Notwithstanding procedural hurdles, Defendant fails to show that it is likely prevail on an interlocutory appeal. To be sure, in support of its argument that it is "likely to prevail on the appeal," Defendant offers little more than citations to its motion to certify the Order for interlocutory appeal and a petition for *certiorari* based on some similar issues in a matter its counsel previously lost in the Sixth Circuit. ECF No. 61 at 7. But, as Plaintiff explained, *see generally* ECF No. 62, Defendant is unlikely to prevail on an interlocutory appeal given that courts in this Circuit, and nationwide, reject Defendant's interpretation of the impact of *AAPC* at a ratio of nearly 20:1, and every Circuit Court to address Defendant's argument—or the underlying challenge addressed in *AAPC*—similarly reject Defendant's interpretation. *See* ECF No. 62 at 21. So, in summary, for Defendant to justify its requested stay by suggesting that it is "likely to prevail on the appeal," this Court would have to effectively conclude that the overwhelming weight of on-point authority—including its own decision consistent with that authority—is likely wrong. ECF No. 61 at 7.

Pertinent, then, is that in denying a similar motion to certify an interlocutory appeal, another district court in this Circuit recently held that this overwhelmingly one-sided weight of authority demonstrated that there is not even a "substantial ground for difference of opinion" regarding *AAPC*—an even lesser standard than Defendant's claim that it is "likely to prevail on

---

[1] For example, in an unrelated TCPA case also litigated by Defendant's counsel, the Eastern District of California—after rejecting that defendant's interpretation of *AAPC*, which Defendant advances here—certified for appeal its denial of the defendant's motion to dismiss. *See Stoutt v. Travis Credit Union*, No. 2:20-CV-01280 WBS AC, 2021 WL 1143612, at *2 (E.D. Cal. Mar. 25, 2021). However, the Ninth Circuit swiftly denied permission for the defendant to take an interlocutory appeal, despite the district court's certification. *Compare* Exhibit A (the defendant's petition for permission to appeal) *with* Exhibit B (order denying the petition).

5

the appeal":

> The Moving Defendants move this Court to certify its June Order for immediate appeal to the United States Court of Appeals for the Fourth Circuit on the issue of whether § 227(b)(1)(A) of the TCPA was unconstitutional during the intervening period between Congress's amendment in 2015 and the *Barr* decision in 2020. . . .
>
> \* \* \*
>
> As stated earlier, all three criteria of 28 U.S.C. § 1292(b) must be satisfied in order for the Court to certify an order for immediate appeal. If one of the three elements is not met, the Court should not grant certification. Upon review, the Court finds the Motion to Certify the June Order for Interlocutory Appeal should be denied because the Moving Defendants have not demonstrated that there is substantial ground for difference of opinion.
>
> In the June Order, this Court joined the vast majority of other federal district courts, both in this circuit and elsewhere, in finding the TCPA's robocall restriction remained in effect between 2015 and 2020 and its enforcement does not violate the Constitution. ECF No. 162 at 7, 10; *see also id.* at 10 n.4 (collecting federal district court cases holding the restriction's enforcement constitutional). The undersigned also acknowledged that a minority of federal district courts have reached the opposite conclusion. *See id.* at 6. However, "[t]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *Michelin N. Am., Inc.*, 2013 WL 5946109, at *5 (quoting *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)). Moreover, the United States Court of Appeals for the Sixth Circuit recently considered this issue and agreed with this Court, holding the *Barr* decision applies retroactively and left the unsevered portion of the TCPA's robocall restriction in effect during the intervening period. *Lindenbaum v. Realgy, LLC*, ––– F.4d –––, 2021 WL 4097320 at *4 (6th Cir. Sept. 9, 2021). The Court therefore finds there is no substantial ground for difference of opinion to warrant certification to the Fourth Circuit for an interlocutory appeal. Based on this finding, the Court need not determine whether the Moving Defendants raise a controlling issue of law or whether an immediate appeal would materially advance the ultimate termination of the litigation. *See, e.g.*, *Cooke-Bates v. Bayer Corp.*, C.A. No. 3:10-cv-261, 2010 WL 4789838 at *2 n.4 (E.D.Va. Nov. 16, 2010) (declining to decide whether the other two criteria of § 1292(b) are satisfied after finding substantial ground for difference of opinion did not exist). Accordingly, the Court denies the Motion to Certify the June Order for Interlocutory Appeal.

*Van Connor*, 2021 WL 4272614, at *3.

This court should conclude the same.

6

### C. Defendant fails to raise substantial legal questions that warrant a stay of this case.

Perhaps realizing the tenuous grounds on which its "likely to prevail on the appeal" argument rests, Defendant instead deviates to the argument that it "raises substantial legal questions" through its appeal. ECF No. 61 at 7-8.[2] In other words, instead of supporting its argument that it will succeed on its yet-to-be permitted appeal, Defendant instead suggests that it is likely to prevail on its motion to certify an interlocutory appeal, because that motion raises multiple legal questions. *See id.* But those questions are the same questions Defendant raised, and this Court rejected, in its original motion to dismiss. *See generally Hogans v. Charter Commc'ns, Inc.*, No. 5:20-CV-566-D, 2021 WL 4391226 (E.D.N.C. Sept. 24, 2021) (Dever III, J.).

These "substantial legal questions," distilled to their core, are (1) whether collateral estoppel applies to Plaintiff's case; and (2) whether *AAPC*'s severance decision necessarily invalidated the TCPA's robocall restrictions during the period in which the government-backed debt exemption stood in place. ECF No. 61 at 7-8. But Defendant offers nothing new here to support these already-rejected arguments.

As to the first issue, Defendant continues to argue that collateral estoppel should prevent Plaintiff from bringing her claims here because "Creasy previously dismissed identical allegations." *Id.* at 7. Once again, however, Defendant ignores that "[t]he issue 'previously litigated' in *Creasy*"—which Defendant contends prevents Plaintiff from bringing her claims

---

[2] Whether a hypothetical appeal "raises substantial legal questions" has little bearing on whether a court should stay a case. *See* ECF No. 61 at 4 (noting that "[a] party seeking to stay a case pending the outcome of an interlocutory appeal must show four things: (1) 'that he will likely prevail on the merits of the appeal;' (2) 'that he will suffer irreparable injury if the stay is denied;' (3) [']that other parties will not be substantially harmed by the stay;' and (4) 'that the public interest will be served by granting the stay.'"). This Court should not entertain Defendant's attempt to shift its burden in seeking a stay of this case, and should accordingly find that—because Defendant is unlikely to prevail on appeal—that a stay in this case is not warranted, regardless of any "substantial legal questions" it conjures.

7

here—"is not 'identical' to the issue Hogans raises here," and so collateral estoppel does not apply. *Hogans*, 2021 WL 4391226, at *4; *see also In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004) ("To apply collateral estoppel or issue preclusion to an issue or fact, the proponent must demonstrate that (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding . . . ."). This is because a different controlling application of the TCPA applied in the Fourth Circuit than the Fifth Circuit at the time that Plaintiff received many of the communications at issue. *See id.* And, as this Court made clear through its order denying Defendant's motion to dismiss, the judge in the *Creasy* action "expressly declined to consider that issue," and so the issues before this Court could not have been identical to those in the action previously pending in the Eastern District of Louisiana, which was governed by different controlling interpretations of the TCPA. *Id.* To be certain, in moving to stay this case, Defendant does not cite a single case suggesting an analogous issue concerning collateral estoppel presents a "substantial legal question" that warrants a stay of this case pending resolution of Defendant's petition.

As to the second issue, Defendant continues to rehash—for the third time—the same arguments it made in its motion to dismiss and motion to certify this Court's denial of that motion to dismiss. Once again, Defendant suggests that this Court, and the dozens of district and circuit courts that concur, all misunderstand the impact of severance and the *AAPC* decision. ECF No. 61 at 7-8. Defendant is incorrect, for all of the reasons Plaintiff explains through her opposition to Defendant's motion to certify an interlocutory appeal. *See* ECF No. 62 at 14-22.

Defendant also fails to demonstrate how this supposed "substantial legal question" even supports a stay, because even if Defendant were correct, and "the Supreme Court or the Fourth Circuit ultimately determines that *AAPC* only applies prospectively, it would not doom Hogans's

8

claims." *Hogans*, 2021 WL 4391226, at *10. This is because, "when [Plaintiff] received the phone calls, voice mail messages, and text messages at issue, the Fourth Circuit had already held the government-debt exception invalid." *Id.* So even if Defendant were correct, and "the Supreme Court's decision in *AAPC* only applies prospectively, the court would not dismiss Hogans's claims entirely. Instead, Hogans's claims and the claims of her putative class members would be limited to those arising on or after July 1, 2019." *Id.* at *12.

Thus, even if (1) Defendant raises substantial legal questions regarding the impact of *AAPC*; (2) this Court grants Defendant's motion to certify the Order for interlocutory appeal; (3) the Fourth Circuit agrees to hear that appeal; (4) and Defendant succeeds in that appeal and convinces the Fourth Circuit that *AAPC*'s severance decision extinguishes its liability during the period in which the government-backed debt exemption in *AAPC* was in place, it *still* would not extinguish Defendant's liability for its communications with Plaintiff post-dating the Fourth Circuit's ruling in *Am. Ass'n of Pol. Consultants, Inc. v. Fed. Commc'ns Comm'n*, 923 F.3d 159, 162 (4th Cir. 2019).

As a result, even accepting for the sake of argument that Defendant satisfies each of these necessary predicates and succeeds on an interlocutory appeal, a ruling in Defendant's favor would only result in a reduction in the scope of its alleged violations of the TCPA—but it would not extinguish them entirely—and discovery would necessarily proceed as Plaintiff frames it regardless of the outcome of Defendant's appeal. Given, therefore, that discovery here will inevitably need to continue, Defendant should not be entitled to stay it based on a yet-to-be-permitted interlocutory appeal concerning the application of *AAPC*, regardless of the questions Defendant contends it raises. *See, e.g.*, *Eshelman v. Puma Biotechnology, Inc.*, No. 7:16-CV-18-D, 2017 WL 9440363, at *5 (E.D.N.C. May 24, 2017) (Dever III, J.) (denying stay where the

9

defendant "has failed to show any likelihood of succeeding on appeal.").

**II.    Merely litigating a case does not constitute an "irreparable harm" sufficient to warrant a stay.**

Defendant next contends that it would suffer irreparable harm if this Court does not stay the case. But Defendant fails to satisfy its burden to demonstrate irreparable harm because it only identifies the burden of continuing litigation as the "irreparable injury" it seeks to avoid.

Courts within this Circuit—including this Court—routinely deny motions to stay when the moving party only "identifies the burden of continued litigation as the 'irreparable injury' it would suffer absent a stay." *Eshelman*, 2017 WL 9440363, at *4  (denying stay, noting that "[o]rdinarily, '[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.'"); *see also Sutor v. Amerigroup Corp.*, No. 119CV1602LMBJFA, 2020 WL 2124180, at *2 (E.D. Va. Mar. 10, 2020) ("Although defendant argues that proceeding with discovery and motions practice will be costly, and may be irrelevant if the Supreme Court strikes down the entire TCPA, '[t]he mere fact that this action will go forward, and that litigating it will cost money, is an insufficient reason to warrant a stay.'").

As the Fourth Circuit explained:

> The key word [ ] is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

*Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 694 (4th Cir. 1994).

Here, Defendant makes no showing of any irreparable harm, hardship, or inequity in having to move forward with this case above the baseline costs associated with litigating the case. In fact, Defendant's references to any burden or hardship are largely limited to the following statements: (1) "it will have to incur substantial costs responding to class-wide discovery"; (2) that producing

10

class data could be "particularly problematic given the Cable Privacy Act, 47 U.S.C. § 551, which imposes requirements on cable providers' collection, handling, and sharing of personal information, and is enforceable by a private right of action,"; (3) "[i]f this case is not stayed, Charter will be forced to litigate about this class-wide fishing expedition, and the Court will have to police it, despite the fact that the case would be disposed of if the Court grants the interlocutory appeal motion and the Fourth Circuit rules in Charter's favor on the appeal"; and (4) "[i]f this case proceeds before Charter has an opportunity to raise its dispositive jurisdictional and collateral estoppel arguments in the Fourth Circuit, the Parties and the Court will have unnecessarily expended considerable time, effort, and expense litigating issues concerning class certification, summary judgment motions, pretrial motions and disclosures, and trial." ECF No. 61 at 8-9.

Each of these harms is part and parcel with litigating a case, and do not constitute the sort of irreparable injury that warrants a stay of the case pending resolution of Defendant's unlikely appeal. And as Plaintiff explains *supra* Argument § I.C, Defendant will likely need to undergo this burden regardless of the outcome of its desired appeal. *See Mendez v. Optio Sols., LLC*, No.: 3:16–cv–01882 AJB (KSC), 2017 WL 914587, at *4 (S.D. Cal. Mar. 8, 2017) (denying request for stay in part because "Defendant [did] not demonstrate a hardship in moving forward with inevitable discovery and motion practice."). As a result, this Court should reject Defendant's suggestion that it would be irreparably harmed if it continued with routine discovery and litigation costs in connection with this matter.

## III. Plaintiff would be harmed by a stay in this case.

Against the backdrop of Defendant's tenuous claim that routine litigation and discovery constitute "irreparable harm," Defendant contends that Plaintiff will not be burdened by a stay—even going so far as to suggest that a stay would help Plaintiff. In doing so, Defendant also suggests

11

that a stay is appropriate because Plaintiff did not force a Rule 26(f) conference before this Court's instruction, ECF No. 56, implying that Plaintiff did not intend to move forward with diligently litigating this case. Defendant also argues that additional delay will not harm Plaintiff because Plaintiff did not sue Defendant immediately upon receipt of her first calls from Defendant, and instead sued Defendant "over six months after she received her first call from Charter." ECF No. 61 at 14. And lastly, Defendant suggests that Plaintiff "fail[ed] to file this action until over a month after the complaint in *Creasy* was dismissed."[3] Each of these arguments is misleading or flawed—and fundamentally misses the point.

As an initial matter, Plaintiff does not want a stay of this case, and so Defendant's argument that it is helping Plaintiff in seeking a stay is specious, at best. Moreover, Plaintiff is diligently pursuing her claims, and has done so throughout this litigation. The fact that Plaintiff did not immediately sue Defendant after it first called her does not undercut this; rather, it supports the common-sense notion that, after being inundated with over 100 wrong-number communications from Defendant, and after telling Defendant to stop on more than one occasion, Plaintiff eventually became so frustrated as to take legal action. *See generally* ECF No. 1 at ¶¶ 22-27. And, that Plaintiff spent a few weeks analyzing the propriety of filing her claims in this action following the dismissal of her claims for lack of subject matter jurisdiction in the *Creasy* matter likewise does not demonstrate improper delay. Instead, it is a result of her diligence in ensuring that filing this action was procedurally correct.

To be sure, Plaintiff will be harmed by a lengthy stay of this matter. As Defendant

---

[3] Defendant's argument on this point is misleading, given that the court in *Creasy* dismissed Plaintiff's claims on September 28, 2020, *see Creasy v. Charter Commc'ns, Inc.*, 489 F. Supp. 3d 499, 502 (E.D. La. 2020), and entered final judgment dismissing Plaintiff's claims on December 23, 2020, *see* 2020 WL 7646640 (E.D. La. Dec. 23, 2020), yet Plaintiff filed her complaint in this matter on October 28, 2020.

delivered—and continues to deliver—text messages, voicemail messages, and placed telephone calls to putative class members, the likelihood of those consumers deleting those communications—either inadvertently or out of annoyance—only grows with time. As well, parties to this case, and third parties such as cellular telephone service providers, are likely to have relevant evidence that is increasingly subject to loss and destruction as this matter drags on. *See Richardson v. Verde Energy USA, Inc.*, No. CV 15-6325, 2016 WL 4478839, at *3 (E.D. Pa. Aug. 25, 2016) ("Moreover, as the plaintiffs argue, a significant delay with unknown limits would cause them unnecessary prejudice. Memories fade, records are lost or destroyed as time wears on, and employees get fired, are transferred, or quit."); *Simon v. Ultimate Fitness Grp., LLC*, No. 19 CIV. 890 (CM), 2019 WL 4382204, at *7 (S.D.N.Y. Aug. 19, 2019) (denying stay where the plaintiff "persuasively argues that she would be injured by a stay, particularly because discovery has yet to commence, and evidence is at risk of being lost. This injury, which is both likely and irreparable, far outweighs the injury posed by a potential future judgment for money damages."). And this holds particularly true for cellular telephone service providers, which may not maintain records of calls or text messages received by subscribers long enough to survive a lengthy and speculative stay.[4]

Finally, and more fundamentally, a stay "would suspend for an indefinite period of time Plaintiff's opportunity—and the opportunity of the putative class—to vindicate their rights before this Court." *O'Hanlon v. 24 Hour Fitness USA, Inc.*, No. 15-cv-01821-BLF, 2016 WL 815357, *5 (N.D. Cal. Mar. 2, 2016); *see also Kariuki*, 2021 WL 2188672, at *2 ("Further delay to await the almost-inevitable dismissal of the appeal is a non-trivial harm that NCDOI should not have to

---

[4] *See, e.g.*, https://www.nbcnews.com/technolog/how-long-do-wireless-carriers-keep-your-data-120367 (last visited January 7, 2022).

13

suffer."); *Harnish v. Frankly Co.*, No. 5:14-CV-02321-EJD, 2015 WL 1064442, at *4 (N.D. Cal. Mar. 11, 2015) ("a stay for an indeterminate amount of time would result in delay and prejudice towards Plaintiff."). The longer it takes for Plaintiff to obtain a judgment against Defendant, the longer the class waits to be compensated for Defendant's violations.

As a result, Plaintiff and the proposed class members would be onerously burdened by a lengthy and speculative stay of her case.

**IV.     The public interest does not support Defendant's request for a stay.**

Lastly, Defendant argues that the "public interest" supports Defendant's request for a stay, primarily because it believes that First Amendment challenges necessarily protect the public interest, and granting a stay would prevent discovery—including third party discovery—in the case. However, neither "public interest" Defendant identifies supports its desired stay.

That Defendant believes that this Court's interpretation of *AAPC* violates the First Amendment does not inherently compel the public interest into favoring a stay, particularly where the requested stay does not impact the broader enforcement of the statute at issue; merely whether discovery will continue in this case. As the District of New Mexico recently explained:

> Although there is strong public interest in not enforcing unconstitutional laws, denying a stay will not result in enforcement of an unconstitutional statute, but rather will allow discovery, including on Childress' other claims whose constitutionality is not in dispute. Alternatively, there is strong public interest in not hindering litigants' access to the courts for redress: "The underlying principle clearly is that 'the right to proceed in court should not be denied except under the most extreme circumstances."

*Childress v. DeSilva Auto. Servs., LLC*, No. CIV 20-0136 JB\JHR, 2020 WL 3572909, at *15 (D.N.M. July 1, 2020).

Relatedly, although Defendant argues that stopping discovery qualifies as a "public interest" that supports staying this case, the inverse is true. Courts both within this Circuit and

14

nationwide routinely deny motions to stay in TCPA actions based on invocations of the "public interest" because there is a strong public interest in the swift and efficient resolution of civil matters. *See, e.g.*, *Krakauer v. Dish Network, LLC*, No. 1:14-CV-333, 2021 WL 631906, at *2 (M.D.N.C. Feb. 10, 2021) (denying stay, because "[n]either the class members nor the public interest would be served by further delay."); *Esparza v. SmartPay Leasing, Inc.*, No. C 17-03421 WHA, 2017 WL 6731595, at *3 (N.D. Cal. Dec. 30, 2017) (denying motion to stay in TCPA case because, under a heading titled "THE PUBLIC INTEREST," "we have a need for the 'just, speedy, and inexpensive' determination of this action"); *Caudill v. Wells Fargo Home Mortg., Inc.*, No. CV 5: 16-066-DCR, 2016 WL 3820195, at *3 (E.D. Ky. July 11, 2016) (denying motion to stay in TCPA case because of "the public's interest in efficient judicial proceedings."); *accord Nat'l Lab. Rels. Bd. v. Raleigh Rest. Concepts, Inc.*, No. 5:15-CV-438-D, 2016 WL 6441549, at *1 (E.D.N.C. Oct. 27, 2016) ("prompt disposition of alleged unfair labor practices is in the public interest") (Dever III, J.). And this interest in resolving matters efficiently is particularly heightened where, as Plaintiff explains *supra* Argument § I, it is unlikely that Defendant will prevail on appeal. *See Eshelman*, 2017 WL 9440363, at *5 (public interest did not support granting a stay where "[g]ranting Puma a reprieve from proceedings in this court on the basis of a meritless appeal would not promote judicial economy.").

      Moreover, Defendant suggests that a stay pending its appeal would serve the public interest by "ensur[ing] a uniform interpretation of the law." ECF No. 61 at 10. But, as Plaintiff explains *supra* Argument § I.B, the near-uniform consensus of district and circuit courts across the country opposes Defendant's interpretation of *Barr*, and so, in the unlikely circumstance that Defendant's appeal were successful, it would instead create a new circuit split and interfere with the largely uniform interpretation of *AAPC* and the TCPA. *See* ECF No. 62 at 14-19.

15

Lastly, Defendant contends that its desired appeal makes it a stalwart crusader protecting the First Amendment, thereby providing the requisite "public interest" to warrant staying this case. But, as Justice Kavanaugh noted in *AAPC*: "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." 140 S. Ct. at 2343. And, when the TCPA was first enacted, "[a] leading Senate sponsor of the TCPA captured the zeitgeist in 1991, describing robocalls as 'the scourge of modern civilization.'" *Id.* at 2344. So, that the "public interest" would endorse an interpretation of *AAPC* that permits the delivery of vast swathes of unwanted robocalls—as Defendant seeks—seems unlikely.

## Conclusion

Defendant's interpretation of *AAPC* is at odds with extensive Supreme Court precedent regarding the application of severance to unconstitutional elements of statutes. *See Hogans*, 2021 WL 4391226, at *10 ("Severance is a legal interpretation explaining what the law 'has meant continuously since the date when it became law.'") (collecting cases). As a result, courts across the country have rejected—and continue to reject—Defendant's preferred interpretation of *AAPC* at a ratio of nearly 20:1. Considering as much, Defendant fails to show that it is likely to prevail on appeal, and this Court should deny Defendant's motion on that basis alone. But even if Defendant demonstrated that it was likely to prevail on appeal or in its motion to certify the Order for interlocutory appeal—it did not—the balance of burdens and interest of the public weigh heavily against Defendant's request. So, for all of these reasons, this Court should deny Defendant's motion to stay this case.

Date: January 12, 2022

*/s/ Alexander D. Kruzyk*
Alexander D. Kruzyk
Greenwald Davidson Radbil PLLC
401 Congress Avenue, Suite 1540
Austin, Texas 78701
Telephone: (561) 826-5477

16

akruzyk@gdrlawfirm.com

Michael L. Greenwald
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, Florida 33487
Telephone: (561) 826-5477
mgreenwald@gdrlawfirm.com

Wesley S. White
Law Offices of Wesley S. White
State Bar No.: 43916
2300 E. 7th Street, Suite 101
Charlotte, NC 28204
Telephone: (702) 824-1695
wes@weswhitelaw.com

*Counsel for Plaintiff and the proposed classes*

## CERTIFICATE OF SERVICE

I certify that on January 12, 2022 the foregoing document was filed with this Court using CM/ECF, which will send notification of such to counsel of record.

*/s/ Alexander D. Kruzyk*
Alexander D. Kruzyk