UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| TIFFANIE HOGANS, *on behalf of herself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC., d/b/a<br><br>SPECTRUM,<br><br>Defendant. | Civil Action No. 5:20-cv-00566-D |

### CHARTER COMMUNICATIONS, INC.'S RESPONSE TO PLAINTIFF'S NOTICE REGARDING MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL

Defendant Charter Communications, Inc. ("Charter") hereby responds to the Plaintiff's notice regarding the denial of the petition for certiorari in *Lindenbaum*, which asked the Supreme Court to review the same question the Court addressed here in denying Charter's motion to dismiss: Whether *AAPC* severed the government debt exception retroactively and, if so, whether it is permissible to reimpose unequal treatment that the Supreme Court previously held violates the First Amendment.

Despite Plaintiff's implication, a denial of certiorari is not a decision on the merits of the arguments raised in the petition. Recent history indicates that petitions for certiorari are granted in private civil cases less than 3.4% of the time.[1] In fact, the Supreme Court routinely denies certiorari on issues only to ultimately grant once a circuit split develops. *See, e.g.*, *Johnson v. Guzman Chavez*, 141 S. Ct. 2271, 2284 (2021) (granting certiorari to resolve circuit split). This is another reason why the Court should grant interlocutory review here—because, considering that cases like this one rarely proceed to final judgment, if interlocutory review is not granted, then there will be no opportunity for a circuit split to develop. That

---

[1] *See* "Success Rate of a Petition for Writ of Certiorari to Supreme Court" (https://supremecourtpress.com/chance_of_success.html) (last visited March 24, 2022)

1

would mean the important First Amendment issues at stake in this case may evade review by the Supreme Court. And, as the actual merits briefing in the petition proves—including the Government's inability to rebut many of petitioner's arguments—there is a substantial ground for difference of opinion sufficient for interlocutory review.

Dated: March 25, 2022

Respectfully submitted,

KABAT CHAPMAN & OZMER LLP

By: /s/ Ryan D. Watstein
Ryan D. Watstein
*pro hac vice*
rwatstein@kcozlaw.com
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
(404) 400-7300
(404) 400-7333 (fax)

Paul A. Grammatico
*pro hac vice*
pgrammatico@kcozlaw.com
333 S. Grand Ave., Suite 2225
Los Angeles, California 90071
(213) 493-3988
(404) 400-7333 (fax)

*Counsel for Defendant Charter Communications, Inc.*

CRANFILL SUMNER & HARTZOG LLP

By: /s/ Elizabeth C. King
ELIZABETH C. KING
N.C. State Bar No. 30376
101 N. 3rd Street, Suite 400
Wilmington, NC 28401
Telephone: (910) 777-6000
Facsimile: (910) 777-6111
E-mail: eking@cshlaw.com

*Local Civil Rule 83.1 Counsel for Defendant Charter Communications, Inc.*

**CERTIFICATE OF SERVICE**

This certifies that I have this day electronically filed the foregoing document in the United States District Court for the Eastern District of North Carolina, with notice of same being electronically served by the CM/ECF system, to all attorneys of record.

Wesley S. White
Law Offices of Wesley S. White
2300 E. 7th Street, Suite 101
Charlotte, NC 28204
wes@weswhitelaw.com

Michael L. Greenwald
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
mgreenwald@gdrlawfirm.com

| | |
|---|---|
| Dated: March 25, 2022 | KABAT CHAPMAN & OZMER LLP |
| | By: /s/ Ryan D. Watstein |
| | Ryan D. Watstein |
| | *pro hac vice* |
| | rwatstein@kcozlaw.com |
| | 171 17th Street NW, Suite 1550 |
| | Atlanta, Georgia 30363 |
| | (404) 400-7300 |
| | (404) 400-7333 (fax) |
| | |
| | *Counsel for Defendant Charter Communications, Inc.* |