IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-566-D

| | | |
|---|---|---|
| TIFFANIE HOGANS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | **ORDER** |
| v. | ) ) | |
| CHARTER COMMUNICATIONS, INC., d/b/a SPECTRUM, | ) ) ) | |
| Defendant. | ) | |

On September 24, 2021, the court denied defendant Charter Communications, Inc.'s ("Charter") motion to dismiss. See Hogans v. Charter Commc'ns, Inc., No. 5:20-CV-566-D, 2021 WL 4391226 (E.D.N.C. Sept. 24, 2021). On November 19, 2021, Charter moved the court to certify two issues for interlocutory appeal [D.E. 57]. On December 24, 2021, plaintiff Tiffanie Hogans ("Hogans") responded in opposition [D.E. 62]. On January 21, 2022, Charter replied [D.E. 67]. As explained below, the court denies Charter's motion.

I.

Charter argues the court should certify for interlocutory appeal the court's decisions concerning (1) whether collateral estoppel precludes the court from exercising subject-matter jurisdiction in this case and (2) whether Barr v. American Association of Political Consultants, 140 S. Ct. 2335 (2020) [hereinafter AAPC], mandates dismissal of this lawsuit. See [D.E. 57] 7–18. Hogans disagrees and argues Charter has not met its burden under 28 U.S.C. § 1292(b). See [D.E. 62].

"Finality as a condition of review is an historic characteristic of federal appellate practice." Cobbledick v. United States, 309 U.S. 323, 324 (1940). However, a district judge may certify an issue for interlocutory appeal if the judge believes the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). To succeed on a motion under section 1292(b), a movant must show (1) a controlling question of law as to which there is substantial ground for difference of opinion, (2) that the order may materially advance the ultimate termination of the litigation, and (3) "that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978) (quotation omitted), superseded in part on other grounds by Fed. R. Civ. P. 23(f); see 28 U.S.C. § 1292(b); Eshelman v. Puma Biotechnology, Inc., No. 7:16-CV-18-D, 2017 WL 9440363, at *1–2 (E.D.N.C. May 24, 2017) (unpublished); Stillwagon v. Innsbrook Golf & Marina, LLC, No. 2:13-CV-18-D, 2014 WL 5871188, at *9 (E.D.N.C. Nov. 12, 2014) (unpublished). Exceptional circumstances exist when an interlocutory appeal "would avoid protracted and expensive litigation." Fannin v. CSX Transp., Inc., 873 F.2d 1438, 1989 WL 42583, at *2 (4th Cir. 1989) (per curiam) (unpublished table decision) (quotation omitted); see Medomsley Steam Shipping Co. v. Elizabeth River Terminals, Inc., 317 F.2d 741, 743 (4th Cir. 1963).

"[T]he movant must state 'the precise nature of the controlling question of law involved.'" Stillwagon, 2014 WL 5871188, at *9 (quoting Fannin, 1989 WL 42583, at *2); see Eshelman, 2017 WL 9440363, at *1. A "controlling question of law" well adapted to discretionary interlocutory review is "a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." Fannin, 1989 WL 42583, at

2

*5; see Univ. of Va. Patent Found. v. Gen. Elec. Co., 792 F. Supp. 2d 904, 910 (W.D. Va. 2011). A controlling issue of law must dispose of the litigation no matter how it is resolved, and "a question of law would not be controlling if the litigation would necessarily continue regardless of how that question were decided." Wyeth v. Sandoz, Inc., 703 F. Supp. 2d 508, 525 (E.D.N.C. 2010) (quotation omitted); see Fannin, 873 F.2d at *5. An appeal that would require the appellate court to delve into the facts of the case is not well-suited for interlocutory review. See Feinberg v. T. Rowe Price Grp., Inc., Civil No. JKB-17-0427, 2021 WL 2784614, at *2 (D. Md. July 2, 2021) (unpublished) (stating a controlling question of law usually involves "the meaning of a statutory or constitutional provision, regulation, or common law doctrine, as opposed to a question of law heavily freighted with the necessity for factual assessment" (quotations omitted)); Long v. CPI Sec. Sys., Inc., No. 3:12–cv–396–RJC–DSC, 2013 WL 3761078, at *2 (W.D.N.C. July 16, 2013) (unpublished). Generally, no controlling question of law exists when an appeal "turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case." McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004).

A "substantial ground for a difference of opinion must arise out of a genuine doubt as to whether the district court applied the correct legal standard in its order." Wyeth, 703 F. Supp. 2d at 527. A substantial ground for difference of opinion does not occur when a party merely believes that the district court wrongly decided the issue or incorrectly applied the governing legal standard. See Nat'l Interstate Ins. Co. v. Morgan & Sons Weekend Tours, Inc., No. 1:11CV1074, 2016 WL 1228622, at *2 (M.D.N.C. Mar. 28, 2016) (unpublished); Butler v. DirectSAT USA, LLC, 307 F.R.D. 445, 454–55 (D. Md. 2015); McDaniel v. Mehfoud, 708 F. Supp. 754, 756 (E.D. Va. 1989). Merely because two courts may have "appl[ied] the same straightforward legal standard to similar

3

facts and reach[ed] different results . . . does not mean that the standard itself (or the analysis courts must undertake in applying the standard) is in any way unclear." Hall v. Greystar Mgmt. Servs., L.P., 193 F. Supp. 3d 522, 527 (D. Md. 2016).

A.

Charter argues the court should certify for interlocutory appeal the question of whether collateral estoppel applies in this case. See [D.E. 57] 7–10. In its order denying Charter's motion to dismiss, the court concluded that the subject-matter jurisdiction issues Hogans and Charter litigated in Creasy v. Charter Communications, Inc., 489 F. Supp. 3d 499 (E.D. La. 2020), did not have preclusive effect on this case. See Hogans, 2021 WL 4391226, at *3–4.

Charter has not demonstrated that a substantial ground for difference of opinion on a controlling question of law exists. The cases Charter cites as the standard governing the relitigation of subject-matter jurisdiction include many of the same cases, encompassing the same legal principles, the court considered when it resolved the collateral estoppel issue in its order denying Charter's motion to dismiss. Compare [D.E. 57] 8, with Hogans, 2021 WL 4391226, at *3. By relying on the same cases and legal principles but contending the court's "collateral estoppel ruling cannot be squared with Fourth Circuit" precedent, [D.E. 57] 9, Charter argues the court incorrectly applied the governing legal standard. Charter's disagreement with the court's application of the governing standard to the issue of Creasy's preclusive effect does not suffice to demonstrate a substantial ground for difference of opinion on a controlling question of law. See Eshelman, 2017 WL 9440363, at *2; Nat'l Interstate Ins., 2016 WL 1228622, at *2; Butler, 307 F.R.D. at 454–55; McDaniel, 708 F. Supp. at 756. Accordingly, the court declines to certify the collateral estoppel question for interlocutory appeal.

4

B.

Charter argues the court should certify for interlocutory appeal the question of whether the Supreme Court's decision in AAPC compels dismissal of this lawsuit. See [D.E. 57] 10–18. AAPC's effect on this lawsuit depends on two issues of law: (1) whether AAPC applies retroactively or only prospectively, and (2) if AAPC applies only prospectively, what date the government-debt exception was severed from 47 U.S.C. § 227(b)(1)(A)(iii). Neither issue merits certification for interlocutory appeal.

As for the issue of prospectivity, the court assumes without deciding that whether AAPC applies retroactively or only prospectively is a question on which there could be a substantial difference of opinion. Charter, however, has not demonstrated that the question would be "completely dispositive" of this case. Fannin, 1989 WL 42583, at *5. Instead, the post-AAPC prospectivity issue affects the scope of Charter's potential liability and the size of the putative classes Hogans seeks to represent. As the court stated when it denied Charter's motion to dismiss: "Even if the Supreme Court's decision in AAPC only applies prospectively, the court would not dismiss Hogans's claims entirely. Instead, Hogans's claims and the claims of her putative class members would be limited to those arising on or after July 1, 2019," which is the date the Fourth Circuit's mandate severing the government-debt exception took effect. Hogans, 2021 WL 4391226, at *11–12; Mandate, Am. Ass'n Pol. Consultants v. FCC, No. 18-1588 (4th Cir. July 1, 2019), ECF No. 45. At most, the July 1, 2019 severance date would narrow Hogans's claims and the size of the putative classes she seeks to represent, but it would not compel dismissal. Thus, whether AAPC's remedial holding applies retroactively or only prospectively is not completely dispositive of this lawsuit. See Shen v. Tricolor Cal. Auto Grp., LLC, CV 20-7419 PA (AGRx), 2021 WL 1153361, at *3 (C.D. Cal. Feb. 11, 2021) (unpublished).

5

If, however, the Fourth Circuit or the Supreme Court decided AAPC only applies prospectively, then the crucial derivative issue concerns what date the government-debt exception was severed from 47 U.S.C. § 227(b)(1)(A)(iii). That derivative question is potentially dispositive of this lawsuit. See Fannin, 1989 WL 42583, at *5. Hogans alleges she received unauthorized, unwanted robocalls, text messages, and voice mail messages from January 2020 to June 13, 2020. See Compl. [D.E. 1] ¶¶ 9–11, 20, 22; [D.E. 1-1]. Because the court concluded that the date of the Fourth Circuit's mandate (i.e., July 1, 2019) was the operative date, Hogans's claims would survive even if AAPC applies only prospectively. See Hogans, 2021 WL 4391226, at *11–12. But if the severance date is July 6, 2020 (i.e., the date the Supreme Court decided AAPC) or August 7, 2020 (i.e., the date this court docketed the Supreme Court's judgment on remand in AAPC), then the court would dismiss Hogans's case because Hogans has alleged no facts occurring on or after July 6, 2020, to support her theory of liability. See Supreme Court of the United States Judgment, Am. Ass'n Pol. Consultants v. Barr, No. 5:16-CV-252-D (E.D.N.C. Aug. 7, 2020), [D.E. 56]; cf. AAPC, 140 S. Ct. at 2355 n.12 (opinion of Kavanaugh, J.).

Although applying a different severance date could be dispositive, Charter has not demonstrated that a substantial difference of opinion on a controlling question of law exists concerning this issue. Charter argues that courts could disagree over whether the date the Fourth Circuit severed the government-debt exception governs. See [D.E. 57] 17–18. However, Charter has not demonstrated that this court applied the wrong legal principles when it analyzed this issue or that a substantial difference of opinion exists concerning which legal principles should have controlled this court's analysis. See United States v. Dodge, 963 F.3d 379, 383 (4th Cir. 2020), cert. denied, 141 S. Ct. 1445 (2021); United States v. Collins, 415 F.3d 304, 311 (4th Cir. 2005) ("A decision of a panel of [the Fourth Circuit] becomes the law of the circuit and is binding on other

6

panels unless it is overruled by a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court."). Thus, as for AAPC's effect on this lawsuit, Charter has not shown that a substantial difference of opinion on a controlling question of law exists that would be completely dispositive of the case. Although the question of prospectivity may be debatable, it is not dispositive. And although the question of the severance date may be dispositive, Charter has not demonstrated that a substantial difference of opinion exists concerning the legal principles governing that question. Accordingly, the court declines to certify for interlocutory appeal the question of whether AAPC compels dismissal of this lawsuit.

II.

In sum, the court DENIES defendant's motion to certify for interlocutory appeal [D.E. 57], DENIES as moot defendant's motion to stay [D.E. 61], and LIFTS the temporary stay the court issued on February 11, 2022 [D.E. 72].

SO ORDERED. This 12 day of May, 2022.

JAMES C. DEVER III<br>
United States District Judge