TIFFANIE HOGANS, *on behalf of herself and others similarly situated,*

Plaintiff,

v.

CHARTER COMMUNICATIONS, INC., d/b/a SPECTRUM,

Defendant.

Civil Action No. 5:20-cv-00566-D

## STIPULATED PROTECTIVE ORDER

WHEREAS the undersigned counsel for plaintiff, Tiffanie Hogans ("Plaintiff"), and for defendant, Charter Communications, Inc. d/b/a Spectrum ("Defendant") (collectively, the "Parties"), have agreed to the terms of and have requested that the Court enter this Stipulated Protective Order. The Court having found that good cause exists for entering this Stipulated Protective Order (the "Protective Order"), and pursuant to the Court's authority under Fed R. Civ. P. 26(c), hereby ORDERS as follows:

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Protective Order. The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Protective Order does not entitle them to file confidential information under seal; applicable law, including Civil CM/ECF Administrative Procedure V.G and E.D.N.C. Local Civil Rule

79.2, sets forth the procedures that must be followed when a Party seeks permission from the Court to file material under seal.

2. DEFINITIONS

    2.1 Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Protective Order.

    2.2 "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

    2.3 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

    2.4 Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

    2.5 Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.6 Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

    2.7 "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items: Extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. For avoidance of doubt, information, items, and/or Discovery Material subject to or covered by the Cable Communications Privacy Act shall be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY regardless of whether such information, items, and/or Discovery Material is so designated.

2.8     House Counsel: Attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: Attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.11    Party: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

2.15    Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

3.  SCOPE

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including

becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Protective Order (*see, e.g.,* second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify all protected testimony and specify the level of protection being asserted within twenty days from the date of the receipt of the transcript. In the interim, until the Designating Party has time to assess the transcript and make appropriate designations, all testimony will be treated as though designated "CONFIDENTIAL." After twenty days of receipt of the transcript, only those portions of the testimony that are appropriately designated for protection within the foregoing time period shall be covered by the provisions of this Stipulated Protective Order.

Parties shall make reasonable efforts to give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

If logistically possible, transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all

pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the twenty-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to seek protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly

(in voice-to-voice dialogue; other forms of communication are not sufficient) within ten days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality pursuant to Civil CM/ECF Administrative Procedure V.G. within 14 days of the initial notice of challenge. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within the time period specified above shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof, upon completing the meet and confer contemplated herein. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party **in connection with this case only** for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons

and under the conditions described in this Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

7.2  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  The Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)  The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)  Non-Parties and their counsel to whom disclosure is reasonably necessary for this litigation, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and to whom the Designating Party has consented in writing in advance of any such disclosure;

(d)  Consultants, investigators, notice or claims administrators, or Experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in Exhibit A, "Acknowledgment and Agreement to Be Bound;"

(e)  The Court and its personnel;

(f)  Court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(g)  During their depositions, witnesses in the action to whom disclosure is reasonably necessary. The parties will request such witnesses to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), but refusal to sign will not prohibit disclosure of confidential material unless the witness is a Party or the Party's expert. If logistically possible, pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to

anyone except as permitted under this Stipulated Protective Order and will not be provided to any witness who refuses to sign the undertaking;

(h) Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the parties, and his or her staff; and

(i) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

(a) The Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) The Receiving Party's House Counsel to whom disclosure is reasonably necessary for this litigation;

(c) The named plaintiff(s) and class representative(s) for this litigation, provided that they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) Non-Parties and their counsel to whom disclosure is reasonably necessary for this litigation, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and to whom the Designating Party has consented in writing in advance of any such disclosure;

(e) Consultants, investigators, or Experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Exhibit A, "Acknowledgment and Agreement to Be Bound;"

(f) The Court and its personnel;

(g) Court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

(h) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the parties, and his or her staff; and

(j) During their depositions, witnesses in the action to whom disclosure is reasonably necessary. The parties will request such witnesses to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), but refusal to sign will not prohibit disclosure of confidential material unless the witness is a Party or the Party's expert. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order and will not be provided to any witness who refuses to sign the undertaking;

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" that Party must:

(a) Promptly notify in writing the Designating Party (and in no event respond by disclosing any Protected Material before providing at least ten days' notice to the Designating Party). Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The Party served with the subpoena or court order shall comply with the subpoena or court order unless the Designating Party obtains a protective order. The Designating Party shall bear the burden and

expense of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" (by either a Non-Party or a Party). Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.1 In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession other than confidential information provided in discovery in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) Make the information requested available for inspection by the Non-Party.

9.2 If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely objects or seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a

Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the Court.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. Before filing any information that has been designated "CONFIDENTIAL" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within 5 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law that complies with Sections V.G.1(a) of the Civil CM/ECF Administrative Procedure Policy Manual, which states:

> Except for motions filed under seal in accordance with Section V.G.1.(f), each time a party seeks to file under seal, the party must accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute, rule, standing order or court order that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies: (i) The exact document or item, or portions thereof, for which the filing under seal is requested; (ii) How such request to seal overcomes the common law or the First Amendment presumption to access; (iii) The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access; (iv) The reasons why alternatives to sealing are inadequate; and (v) Whether there is consent to the motion. In addition to the motion and supporting memorandum, the filing party must set out findings supporting these specifications in a proposed order to seal.

The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

13. <u>FINAL DISPOSITION</u>

Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

13.1   Obligations at Conclusion of Litigation. Within 60 days after dismissal or entry of final judgment not subject to further appeal and upon written request by the Designating Party, the Receiving Party shall use reasonable efforts to return to the Producing Party or destroy all Protected Material and documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" under this Order, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Notwithstanding the foregoing, the Receiving Party shall not be required to return or ensure the destruction of Protected Material from: (1) disaster recovery or business continuity backups, (2) data stored in system-generated temporary folders or near-line storage, (3) departed employee data, (4) material that is subject to legal hold obligations or commingled with other such material, and/or (5) material offered into evidence or filed without restriction as to disclosure. Backup storage media will not be restored for purposes of returning or destruction of Protected Material, but such retained information shall continue to be treated in accordance with this Order.

13.2   Retention of Work Product and Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel for the parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), legal memoranda, expert reports and attorney work product that contain or refer to Protected Material, provided that such counsel and employees of such counsel shall not disclose such Protected Material to any person, except pursuant to court order. Any retained Protected Material shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Protected Material. Nothing in this Order shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

13.2.1   Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

13.3     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

14.     BOUND PENDING APPROVAL

After this Stipulated Protective Order has been fully executed by the undersigned, it shall be presented to the court for entry. The parties agree to be bound by the terms set forth herein with regard to any Protected Material that have been produced before the court signs this Stipulated Protective Order.

The parties and all signatories to Exhibit A (attached hereto) agree to be bound by this Stipulated Protective Order pending its approval and entry by the court. In the event that the court modifies this Stipulated Protective Order, or in the event that the court enters a different protective order, the parties (and all signatories to Exhibit A) agree to be bound by this Stipulated Protective Order until such time as the court may enter such a different Order. It is the parties' intent to be bound by the terms of this Stipulated Protective Order pending its entry so as to allow for immediate production of Protected Materials under the terms herein.

**IT IS SO STIPULATED, THROUGH THE UNDERSIGNED.**

DATED: September 7, 2022                     /s/ *Jesse S. Johnson*

Wesley S. White
LAW OFFICES OF WESLEY S. WHITE
2300 E. 7th Street, Suite 101
Charlotte, NC 28204
Email: wes@weswhitelaw.com
Telephone: (702) 824-1695

Michael L. Greenwald
Jesse S. Johnson
GREENWALD DAVIDSON RADBIL PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Email: mgreenwald@gdrlawfirm.com
Telephone: (561) 826-5477

Aaron D. Radbil
GREENWALD DAVIDSON RADBIL PLLC
401 Congress Avenue, Suite 1540
Austin, Texas 78701
Email: aradbil@gdrlawfirm.com

Telephone: (512) 803-1578

*Attorneys for Plaintiff*

DATED: September 7, 2022

*/s/ Elizabeth C. King*

Ryan D. Watstein *(pro hac vice)*
KABAT CHAPMAN & OZMER LLP
171 17th Street NW, Suite 1550
Atlanta, GA 30363
Email: rwatstein@kcozlaw.com
Telephone: (404) 400-7300
Facsimile: (404) 400-7333

Paul A. Grammatico *(pro hac vice)*
KABAT CHAPMAN & OZMER LLP
333 S. Grand Avenue, Suite 2225
Los Angeles, CA 90071
Email: pgrammatico@kcozlaw.com
Telephone: (213) 493-3980
Facsimile: (404) 400-7333

*Attorneys for Defendant*

Elizabeth C. King (N.C. State Bar No. 30376)
CRANFILL SUMNER LLP
101 N. 3rd Street, Suite 400
Wilmington, NC 28401
Email: eking@cshlaw.com
Telephone: (910) 777-6000
Facsimile: (910) 777-6111

*Local Civil Rule 83.1 Counsel for Defendant*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: September 8 2022

_____
Robert B. Jones, Jr.
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of North Carolina on _____ [date] in the case of *Tiffanie Hogans v. Charter Communications, Inc. d/b/a Spectrum*, Case No. 5:20-cv-00566-D. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of North Carolina for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my North Carolina agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____